## O'NEILL v. DONNELL.

1. There is no general rule to determine when costs incurred by an admin-
istrator, with respect to the assets of the estate, shall be allowed; each
case must stand on its own merits, but in none can they be allowed, unless
incurred *bona fide.*

2. An administrator may be allowed for extraordinary services, but no diffi-
culty in making inventories, sales, or keeping accounts, is to be so consid-
ered.

Writ of Error to the Orphans' Court of Montgomery.

THIS was the trial of an issue directed by the Orphans'
Court, upon an exception taken by O'Neill, to the account
exhibited by Donnell, as the administrator of Hugh O'Neill,
preparatory to the final settlement of the estate.

The account seems to have been regularly stated, and in
it is charged the usual commissions.   The items excepted
against are three, viz: a charge against the estate for $130,
stated therein as paid to certain attorneys for legal services; a
similar charge for $10, for two days services by the admin-
istrator in taking the inventory of the estate; and a similar
charge for $20, for four days services by the administrator in
taking notes, delivering goods, and attending auction.

The administrator asserted, in answer to the exception,
that these charges were correct, and at the request of both

parties, the matter was submitted by the court to a jury, who, by their verdict, ascertained the account to be correct; whereupon it was so allowed by the court.

At the trial of this issue, it was shown that the intestate, at the time of his death, was supposed to be the owner of a stock of goods, &c. These were also claimed by one Dolen, as surviving partner of O'Neill, and he being in possession of them, was forcibly evicted by Donnell, claiming them as the goods of his intestate. A suit was instituted by Dolen against him for trespass, and in this suit a recovery was had for the value of the goods. The charge for $130 was for that sum paid by Donnell in defending this suit.

There was much evidence on both sides, on the one part tending to show the assertion of title by the administrator was wrongful, and the taking tortious, and on the other that the claim was *bona fide*, and the possession taken for the benefit of the estate.

On this point, the distributee asked the court—

1. To instruct the jury, that if Dolen was in possession of the goods claimed by him as the property of a firm, consisting of himself and O'Neill, claiming them as the survivor, and that Donnell seized and took them by force, the estate was not liable to be charged for the fee paid for defending this trespass.

2. That this was not a proper charge, if Donnell was notified previous to seizing the goods, that Dolen and his intestate were partners in trade.

3. That an administrator is not authorized to seize goods in another's possession, and take them forcibly, although he may believe them to be the property of his intestate; and if in so doing, he incurs costs and expenses, he is personally liable, although at the time of seizing the goods, he may believe them to be the goods of his intestate.

These charges were refused, and the instruction given to the jury, that if the administrator acted in good faith, and solely with a view to the interest of the estate, and deemed the course pursued by him was necessary to protect its interests, then the estate ought to pay the expenses of the suit although the administrator was a trespasser in seizing the goods.

O'Neill v. Donnell.

With relation to the other items, the distributee requested the court to charge the jury, that admitting every thing to be fair in regard to these, and that the services were essential, and no more was charged against the estate than those services were worth, yet, notwithstanding, they were improper charges against the estate, in the form they were presented, and ought not to be allowed in the account.

This was refused, and the court instructed the jury in this connection, it being admitted by the parties that the stock of goods, in relation to which the services were rendered, were of a kind to require of the administrator extraordinary duties and trouble, and this matter being submitted to the court for its decision, the court ruled that the charges were proper against the estate, and ought to be allowed.

The several refusals to charge as requested, the charges given, and the ruling of the court, were excepted to by the distributee, and are now assigned as error.

J. E. BELSER, for the plaintiff in error, made the following points:

1. The charges asked should have been given. The law will not warrant any one in committing a forcible seizure, and therefore an administrator cannot make the estate res·ponsible for his illegal and violent acts. [7 John. 161; 6 Paige, 455; 9 Ib. 461; 4 Verm. 256.]

2. The charge given covers too much ground. An administrator may act *bona fide*, and yet most intemperately and rashly. If protected in all cases when his own opinion justified him, the estate might be exhausted by expenses. The view of the court is not warranted by the decisions. [4 Verm. 256 ; 6 Halst. 44; 7 J. J. Marsh. 190; 6 Greenl. 48; 2 Penn. 419; 2 Bibb, 609.]

3. The court, it is true, may allow compensation, but this is proper only by way of commission, which was charged in the account. It is against public policy to allow a *per diem* charge. [1 Hopk. 28.; 2 Paige, 287; 4 Gill and J. 453; 5 N. Hamp. 492 ; 6 Halst. 44 ! 9 Conn. 10; 14 E. Ch. Ca. 45, 53; 17 Ib. 362.

T. WILLIAMS, contra, argued—

O'Neill v. Donnell.

1. That it frequently is as much the duty of an administrator to take the property of his intestate where he can find it, as it is to retain it ; and whenever such act is *bona fide,* the policy of the law, as well as the interest of those concerned in the estate is, to indemnify the administrator. Here however, nothing is claimed except for counsel fees, in ascertaining the right. It is immaterial in what kind of a suit these are paid, if the counsel is essential.

2. As no compensation is fixed by law for the services of administrators, it must depend on the facts of each case. In this case it appears that the services required were extraordinary, and the compensation reasonable.

GOLDTHWAITE, J.—This case falls within the principles ascertained by the recent decision in Willis v. Willis' Adm'r, *ante,* 721, and as the proceedings of the Orphans' Court on this particular issue cannot be revised in this mode, the writ of error will be dismissed. But because the decision of the questions argued, may be important to prevent further litigation between these parties, as well as to save them expense, we shall announce our conclusions upon them.

And first, with reference to the allowance for counsel fees, in the action of trespass, for seizing the goods of which the administrator's intestate was possessed in his life time. It is obvious administrators may sometimes, as well as other trustees, be mistaken about property supposed to belong to their intestate, and the right of recaption extends as well to them as to other owners ; it would be most unconscionable to assert they should stand by and see the property of the estate carried away, without an effort to prevent it. On the other hand it is equally unreasonable a trustee of any kind shall be permitted to squander the assets in his charge, in vexatious, or even contentious litigation. The difficulty is, to ascertain any general rule, which can govern the whole subject matter ; and perhaps it is safer that each allowance should stand or fall by its own merits, than to rest on any general principle. It is evident, however, there is one fact which must exist in every case, to warrant the allowance of costs, outside of the administration. This is the *bona fides* of the

93

act by which the costs are incurred. This seems to have been the conclusion in Morris v. Murgatroyd, 1 John. Chan. 473, where Chancellor Kent felt the difficulty, but allowed the charge. So in the case before us, it is impossible to say the party was justified in the trespass, or that if damages had been recovered, these could be a proper charge, yet we think the counsel fees were properly allowed, because, whether an actor, or a defendant to the suit, the title was necessary to be ascertained; and could not well be so without the employment of counsel.

2. With respect to the other claims, we are not prepared to say the Orphans' Court is restricted in the allowance of specific charges for services rendered the estate. Such charges are perhaps the exception, and not the rule. Whenever they are brought forward, it is doubtless the duty of the court to scrutinize them with a jealous and watchful eye, and they never should be allowed for the *ordinary* duties of an administrator. If by this means their compensation is to be increased, there is no foreseeing the evils which may be introduced. We shall have occasion in another case, to give our opinion upon allowances for *extraordinary* services, and in the mean time shall only say, that services in taking inventories, selling the goods, or keeping accounts, &c. are not proper to be so considered.

Writ of error dismissed.