## ASHURST'S ADM'R v. ASHURST'S HEIRS.

1. An administrator has no power to purchase the widow's dower right in land, with the personal assets. Nor will the fact, that the purchaser of the estate supposed the dower was extinguished, legalize the purchase made by the administrator of the widow's right.
2. Money received by an administrator upon a private sale of the land of his

intestate, is not assets of the estate, with which he can be charged on his final settlement.

3. The refusal of the orphans' court to allow the administrator 7½ per cent, on his receipts and disbursements, is not erroneous, unless it be shown by clear and convincing proof, that more than the usual compensation should be allowed in that particular case.

4. The supreme court will render the proper decree, when reversing a decree of the orphans' court, where the record furnishes the means of doing it.

Error to the Orphans' Court of Montgomery.

UPON the final settlement, the administrator proved, that he had paid the widow $3,500 for her dower in the lands of the intestate. That he had sold the lands of the intestate under an order of the orphans' court, and that the purchasers supposed they were purchasing free from the widow's claim of dower, and that it accordingly sold for a larger price. The court refused to allow this item as a charge upon the estate.

It was proved, that in the year 1840, the administrator made a private sale of some of the lands of his intestate, at $3,500, and received $1,000 in cash, and the notes of the purchaser for the residue, and executed a bond for title. That afterwards an order was obtained for the sale of the lands, and it was bought by the former purchaser at $1,750, the previous contract cancelled, and the notes for the purchase money, and title bond, delivered up. Thereupon the court charged the administrator with the said $1,000, in addition to $1,750, for which the land was sold at the last sale.

It was proved, that $19,258 of the amount allowed the administrator, were the proceeds of property of the estate, sold by the sheriff, at different times, by execution against the administrator, that he was present at the sales on the plantation, twenty miles from Montgomery, superintending them, and thereupon the administrator claimed seven and a half per cent on the sales ; which the court refused to allow,

and to all which he filed an exceptive allegation, and now assigns for error.

J. W. PRYOR and T. J. JUDGE, for the plaintiff in error.

The administrator ought not to be charged with the $1,000 received from Thomas B. Taylor. This was received on a private contract for the sale of land belonging to the intestate. At the time of this contract the administrator had no interest in the lands. He was absolutely a stranger to them. When he made the contract he did not profess to be acting as administrator; but if he had professed to act as such, the contract would have been void, as he had no interest in the land which he could convey, &c. If the land had not subsequently been sold under a decree of the orphans' court, and the heirs had refused to affirm the contract with Taylor, then Taylor could have recovered back the $1,000, in an action for money had, &c., or after paying up the whole amount agreed to be paid, by an action on the bond. The sale under the decree did not change in any respect the relations created by the private contract, between Taylor and the administrator—the two sales were distinct, and wholly independent of each other. The first one was void, and the latter a judicial sale. The administrator is still liable to Taylor for the $1,000, unless Taylor has discharged him. Whether the contract between Taylor and the administrator was rescinded, or whether the administrator is discharged from liability to Taylor in any way, is immaterial—for such rescission or discharge certainly could not have the effect of *creating* a liability in favor of the defendants in error. See Myers v. Hodges, 2 Watts, 381; McCoy v. Scott, 2 Rawle, 222; Seitzinger v. Weaver, 1 Rawle, 377; Gibson v. Farley, 16 Mass. 280; Perry v. Brown, 1 Bailey's L. Rep. 45; Overseers Bridgwater v. Overseers Brookfield, 3 Cow. 299.

BELSER & HARRIS, and ELMORE, for defendant in error.

1. If an administrator deals out of the duties of his trust, and any loss occurs from it, he must bear the same. He cannot charge the estate with the expense of such a contract. Foster v. Fuller, 6 Mass. 58; Key v. Boyd, 10 Ala. 154.

2. The administrator should have been charged with the $1,000, which he received from Taylor, under the private contract. The $250 paid to Taylor afterwards, when the bond and the notes for $2,500, were mutually surrendered by the parties, had nothing to do with the $1,000, but was a new contract, independent of it. Taylor did not claim the $1,000, and to allow the administrator to retain it, is to permit him to make $1,000 out of the property of the estate, for himself. The $1,000 given up by Taylor, became assets of the estate, although raised perhaps by a void sale, and was a proper charge against the administrator. It enured to the benefit of the *cestui que trust.* Green v. Minter, 1 John. Ch. 27; 2 A. K. Mar. 389; 4 Paige, 578; 3 Dess. 25; Holdridge v. Gillespie, 2 John. Ch. 30; Murray v. Lilburn, Ib. 442; Ray's Ex'rs v. McCulloch, Cam. & Nor. 402, 497; Cobb v. Thompson, 1 A. K. Mar. 513; 10 Peters, 137; 1 Bos. & Pull. 296; Ringold v. Ringold, 1 Har. & Gill. 11. The $1,000 was charged as *special* assets, from the real estate, in the judgment in behalf of the heirs.

3. The administrator received for his compensation $5000. This was enough; the court exercised a prudent discretion in the premises, and its judgment will not be interfered with, unless manifestly unjust. O'Neal v. Donnell, 6 Ala. 734; Harris v. Martin, 9 Ib. 895; Triplett v. Jameson, 2 Munf. 242; 9 Ser. & Rawle, 204.

COLLIER, C. J.—1. An administrator has no authority to purchase of the widow her interest in the real estate of her husband, his intestate. His ordinary powers make him the representative in all matters in which the personal estate is concerned, of the person of the intestate, and he may disincumber the realty by discharging liens which the deceased has himself created; as the payment of mortgages, &c. But an incumbrance which the law originates upon the death of the intestate, cannot be removed at his mere volition by an application of the personal assets. To this latter category belongs the right of the widow to be endowed of the lands of which her husband was seized during his life. It may be, that a court of chancery may invest an administrator with

such a power, where it shall be made apparent that it will be beneficial to the interests of the estate.

The fact that the purchasers of the realty of the intestate at a sale under a decree of the orphans' court, supposed that they acquired a title free from the widow's claim to dower, cannot legalize a previous purchase of that claim by the administrator. It is not competent for that court, under its restricted powers, to confer such an authority, and being exercised by the administrator, its subsequent sanction could not validate it. Whether, upon proof that the estate was really benefited by the extinguishment of the right of dower, a court of chancery would allow the administrator to retain what he had advanced, is an inquiry which may perhaps, in a proper case, be deserving of consideration. But the orphans' court possesses no such authority.

2. The sale of the land to Taylor by the administrator at private sale, seems to be wholly unconnected with the sale which was subsequently made under the decree of the orphans' court. It is not questioned that the private sale was merely void—being such as an administrator could not make. The payment, then, of a part of the stipulated price, cannot be regarded as so much money in the hands of the administrator, with which he can be charged by the orphans' court in the settlement of his accounts. It may be conceded, as we incline to think that the administrator cannot hold this money for his individual benefit, yet the objection to the jurisdiction of the orphans' court is not removed. That tribunal cannot look beyond his representative character, and hold him accountable as an individual merely, without reference to the trust it conferred upon him. In Smith's Heirs v. Smith's Adm'rs, at this term, we say, if an administrator receive money or property belonging to the estate he represents, to which he is not entitled in his representative character, although he cannot hold it against the party legally entitled, yet the orphans' court cannot take it into the account, and render a decree against him therefor on the settlement of the administration. A court of law, proceeding according to the ordinary forms, or a court of chancery may hold him accountable, and render complete justice. Upon

99

the point we are considering, this case is conclusive of the case at bar; and it follows that the administrator should not have been charged with the money received of Taylor on the private sale of the land.

3. It cannot be inferred from any thing in the record, that the charge made by the administrator of seven and a half per cent. upon his account for receipts and disbursements should have been allowed, or that the orphans' court did not rightly reduce his claim for compensation. We will not say that there are not cases in which an executor or administrator should not be allowed so much; but as the demand is beyond the ordinary charge, the proof should be satisfactory and convincing to induce its allowance. As to the rule of compensation, see 2 Kent's Com. 420, note; 10 Ala. Rep. 900, 966.

It is insisted, that instead of remanding the cause to correct the error we have indicated, a decree should be here rendered, abating from the shares of the distributees, *pro rata*. We see no objection to this course, as it is our duty upon reversing a judgment or decree to make such disposition of the case as the primary court should have done, where the record is in a condition to act understandingly, and without prejudice to the parties' rights. Here, specific sums are directed to be paid to the several distributees, and the cause may therefore be definitively disposed of. The decree is reversed, and here rendered abating from the share of each distributee who received the benefit of it, *pro rata*, the amount for which the administrator was charged by the orphans' court, as money received by Taylor on his purchase at private sale, of a part of the lands of the intestate's estate.