28  691
135  595

## NEWBERRY'S ADMINISTRATOR *vs.* NEWBERRY'S DISTRIBUTEES.

[DECREE ON FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Annual settlement, effect and validity of.*—The allowance of a credit on an annual settlement of an administrator's accounts (Code, § 1823) is *prima facie* evidence in his favor on final settlement; and if no other evidence is adduced by either party, in reference to the item, than the annual settlement, it is error to disallow the credit.
2. *Compensation of administrator for ordinary services.*—Under the Code (§ 1825), an administrator can not be allowed, as compensation for his ordinary services, more than two-and-a-half per cent. on his receipts, and the same per cent. on his disbursements; and additional compensation can only be allowed for actual expenses and extraordinary services.

APPEAL from the Court of Probate of Cherokee.

D. W. BAINE, for the appellant.

No counsel appeared for the appellees.

WALKER, J.—Upon the final settlement of the appellant, as the administrator, two credits claimed in the account filed were contested. One of those credits was for twenty-two dollars, and was founded on the alleged payment by the administrator of an account against the estate. The other credit was for fifty dollars, claimed for compensation to the administrator. The court disallowed the credit of twenty-two dollars, and allowed only twenty-five dollars of the credit for fifty dollars. It is contended for the appellant, that the court erred in refusing to allow the credit of twenty-two dollars, and in reducing the credit of fifty dollars.

The administrator, in support of the credit of twenty-two dollars, gave in evidence the record of an annual settlement of his administration in the probate court. The annual settlement was preceded by the filing of an account, and the credit of twenty-two dollars is one of the items on the credit side of the account. The decree of the court upon the annual settlement recites, that the administrator "produced satisfactory evidence of each item on the credit side of the

account", and orders, adjudges, and decrees, "that said account be passed, approved, and allowed." There was no other proof adduced, on either side, in reference to the item. The credit, having been allowed on the annual settlement, was *prima facie* correct; and the administrator, by the record, made out a *prima facie* case in favor of the credit, and could not be required to adduce further proof, until the case so made out was successfully assailed by his adversary. The court, therefore, erred in disallowing the credit of twenty-two dollars upon the proof.—Code, § 1823; Duke's Adm'r v. Duke's Distributees, 26 Ala. 673.

The bill of exceptions shows that the administrator rendered no other than the ordinary services incident to his office. The probate judge was of opinion, that those services were worth more than twenty-five dollars; but he refused to allow more than that sum, because two-and-a-half per cent. on the receipts and disbursements only made that amount. We think the decision of the probate judge on this point was correct. Section 1825 of the Code is as follows: "Executors and administrators may be allowed such commissions, on all receipts and disbursements by them as such, as may appear to the probate court a fair compensation for their trouble, risk and responsibility, not to exceed two-and-one-half per cent. on the receipts, and the same per centage on disbursements; and *the court may also allow actual expenses, and for special or extraordinary services, such compensation as is just.*" The language of this section of the Code leaves no room for doubt, that the ordinary services of an administrator are intended to be compensated by the two-and-one-half per cent. commissions, and that it is only for actual expenses and for special and extraordinary services that a compensation additional to the two-and-one-half per cent. can be allowed.

Before the adoption of the Code, it was the usual practice in this State, to compensate trustees and receivers by a commission; and the courts did not favor the allowance of special compensation for particular services.—Gould v. Hays, 25 Ala. 426; Ashurst v. Ashurst, 13 Ala. 781; Magee v. Cowperthwaite, 10 Ala. 966; Powell v. Powell, *ib.* 900; Harris v. Martin, 9 *ib.* 895. The Code has converted into unbending law, what was before the usual practice, and pre-

scribed a fixed rate of compensation. If the compensation be so inadequate, where the estates are very small, as to lead to public inconvenience, it is the province of the legislature to remedy the evil.

The decree of the court below is reversed, and the cause is remanded, with directions to the court below to proceed in accordance with this opinion.