## ALLEN *vs.* MARTIN.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Commissions of guardian on receipts.*—Under the provisions of the Code, (§§ 2039, 1825,) a guardian is not entitled, on settlement of his accounts, to more than two-and-a-half per cent. commissions on the amount of his receipts.

2. *Commissions on disbursements.*—A guardian is not entitled to commissions on the amount of money which is ascertained on final settlement to be in his hands, and for which a decree is rendered in favor of his ward; that not being a disbursement.

APPEAL from the Probate Court of Montgomery.

ON final settlement by Abram Martin of his accounts as guardian of Wade H. Allen, his late ward, the court allowed the guardian five per cent. commissions on the amount of his receipts, and two-and-a-half per cent. on the amount of his disbursements; and in ascertaining the amount of his disbursements, a balance of over $24,000 in the guardian's hands, for which a decree was rendered against him in favor of the ward, was included. To each of these rulings of the court the ward excepted, and he now assigns them as error.

CHILTON & GUNTER, for the appellant.

A. MARTIN, and JOHN A. ELMORE, *contra.*

A. J. WALKER, C. J.—The two questions in this case are, whether a guardian can be allowed five per cent. commissions upon his receipts, and whether the payments to his ward, after attainment of majority, are disbursements upon which he is entitled to commissions.

[1.] Section 1825 of the Code makes two-and-a-half per cent. the maximum limit to the commissions of executors and administrators, on receipts and disbursements, but authorizes the allowance of a just compensation for actual expenses, and for special or extraordinary services. Section 2039 of the Code is as follows: "In the settlement

of the accounts of guardians, and in all the preparatory proceedings thereto, and appeals therefrom, the laws providing for the settlement of the accounts of executors and administrators in this Code, and appeals therefrom, so far as applicable, and not in hostility with any provision of this chapter, applies to, and are in full force against guardians and their sureties." Section 1825, which regulates the compensation of executors and administrators, is a part of "the law providing for the settlement of accounts of executors and administrators," and is susceptible of application to guardians, and is not in hostility with any provision of the chapter in which section 2039 is found. Section 2039 must, therefore, be understood as applying to guardians the rule of compensation which section 1825 prescribes to executors and administrators.

The statute (§ 2039,) in declaring that the laws therein specified "apply to and are in full force *against* guardians and their sureties," means nothing more than that they are binding upon guardians and their sureties. It is not requisite that a rule should be unfavorable or detrimental to guardians and their sureties, in order that they should be bound by it. It is sufficient that it be a law binding and governing them. The rule of compensation has that effect, in prescribing a rate of compensation by way of commissions, beyond which the court cannot go in favor of guardians.

There is no statutory criterion of a guardian's compensation, unless it is governed by the same rule which applies to executors and administrators. There can be no reason for the adoption of a standard of compensation by commissions as to executors and administrators, and not as to guardians. No difference in the character of the trusts authorizes the conclusion that the legislature designed to make such a discrimination. The duty of collecting and disbursing by a guardian is so strictly analogous to the same duty when discharged by an executor or administrator, that there is great reasonableness and fitness in so construing the law as to make the performance of the duty in both cases the ground of a like compensation. The law, as we have seen, is susceptible of that construc-

tion, and we think it reasonable and proper to adopt it. We decide, therefore, that the guardian in this case was not entitled to more, by way of commissions, than two-and-a-half per cent. on his receipts and disbursements.

[2.] We must also decide against the guardian, upon the question of his right to charge commissions upon the balance found in favor of the ward upon the settlement. The money paid over to the ward, in pursuance of the decree on final settlement, was not a "*disbursement.*" To disburse money, is to pay it out, not to pay or deliver it to the owner. An agent is said to disburse money, when he pays it out on account of his principal. So a trustee may be said to disburse the money of the trust, when, in the discharge of the duties of the trust, he pays it out, but not when he pays it over to the *cestui que trust*. Disbursement by a guardian cannot be made to include the act of paying over to the ward, without a perversion of its proper and received signification.—Gould v. Hayes, 19 Ala, 461. The commissions on receipts and disbursements are ascertained and credited before the amount due the ward is fixed, and for that amount a decree is rendered. If, upon the payment of the amount of the decree, commissions are due, then there would be a necessity for an accounting before the probate judge after the decree, for the ascertainment of the sum to be retained by way of commissions; and there would be an implied qualification and condition of every decree, that it was subject to a deduction for commissions. A construction of the law leading to such results ought not to be adopted.

As this question has been earnestly discussed by the appellee in an argument pressing his right to the allowance of commissions on the balance paid over to his ward, and as it is a question of extensive interest, about which the probate judges in the several counties have different opinions, we proceed to fortify our decision by further argument. The rule as to the allowance of commissions must be precisely the same in reference to executors and administrators as guardians. This court decided, in Wilson v. Wilson, 30 Ala. 670, and in Jenkins v. Jenkins, at the last term, that an executor was not entitled to

commissions upon the value of slaves distribued by him. It is true, that decision is confined to the distribution of slaves; but what difference can, upon principle, be made between the distribution of money, and the distribution of slaves? If one decedent leaves ten thousand dollars in money to be divided, and another leaves ten thousand dollars worth of slaves to be divided, upon what principle of justice could commissions be allowed in the former case, and denied in the latter? It would seem that, if there were any discrimination, it should rather be in favor of him who divides slaves, for he would incur the greater difficulty and hazard. There are decisions in Virginia, and perhaps elewhere, which favor the making of a distinction between the distribution of slaves and money, or other personal property; but we cannot perceive that the reasoning of those decisions is susceptible of application, under our system, to the question before us. The delivery of slaves, or other personal property, to distributees or legatees, would be a disbursement if the payment of money was; and the decisions in Wilson v. Wilson, and Jenkins v. Jenkins, affirm a principle which is applicable as well to the distribution of money as chattels.

In Newberry v. Newbery, 28 Ala. 691, the court remarked, that two-and-a-half per cent. on the receipts and disbursements made the twenty-five dollars which was allowed the administrator by way of commissions, and that that was correct. Upon looking into the account in that case, as found in the record, it is ascertained that the commissions were computed upon the amount paid over to the distributees; and it is contended, that that decision is, therefore, an authority for the allowance of commissions on the balance due. In that case, the administrator complained that the allowance was not enough; and the question before the court was, whether the administrator ought not to have had more than two-and-a-half per cent. There was no question made in the case as to the allowance of commissions upon too large an amount. Besides, the bill of exceptions asserted that the amount allowed to the administrator was two-and-a-half per cent. upon the receipts and disbursements, and the court framed

the expressions of its opinion in reference to the assertion of the bill of exceptions, without looking back into the account filed. It was, therefore, not decided in that case, and was not intended to be decided, that commissions should be computed in favor of the administrator upon the balance due by him.

The allowance to the guardian in this case was made by way of commissions, and we cannot regard it as embracing a compensation for any special or extraordinary services. If such services have been rendered, they may be hereafter made the subject of a special and distinct allowance.

We are sensible that there must arise cases, in which the compensation prescribed by the statute, for the ordinary services of guardians, executors and administrators, is very inadequate; and this may be a case of that kind; but we think the statute is plain, and leaves us no room to mitigate its hardships.

Decree reversed, and cause remanded.