## ALLEN *vs.* MARTIN.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Compensation of guardian.* —Under the provisions of the Code, (§§ 2039, 1825,) a guardian is not entitled to any compensation for his services in lending out the funds of his ward, and compounding the interest accruing thereon; that being one of his ordinary duties, and not belonging to the class of "special or extraordinary services."

APPEAL from the Probate Court of Montgomery.

IN the matter of the final settlement of the accounts of Abram Martin, as guardian of Wade H. Allen, his late ward; which was before this court, on a former appeal by the ward, at the June term, 1859.—See the case reported in 34 Ala. 442. On the last settlement before the probate court, as shown by the bill of exceptions in the present record, that court allowed the guardian, in addition to his commissions on receipts and disbursements, one-and-a quarter per cent. on the amount of money loaned out by him each year, for his services in lending out the money, and compounding the interest accruing thereon; holding that these were "special, or extraordinary services." The ward reserved an exception to this ruling of the court, and also to several other rulings on the admissibility of evidence offered by the guardian to sustain this charge; but these latter rulings require no particular notice. The settlement covered a period of six years, extending from June, 1853, to June, 1859. The amount of the final decree in favor of the ward was $24,425. The entire compensation allowed to the guardian was—commissions on receipts, $649 70; commissions on disbursements, $105; compensation for extraordinary services, $1340—making in all, $2,094 70. It was shown that there was no difficulty, during the years through which

Allen v. Martin.

the settlement extended, in lending out money in Mont-
gomery at legal interest. The rulings of the court to
which, as above stated, exceptions were reserved, are now
assigned as error.

WM. A. GUNTER, for appellant. — The allowance of
compensation to the guardian, for his services in lending
out his ward's money and compounding the interest, can-
not be sustained on the ground that those services were
special or extraordinary. It is one of the ordinary duties
of every trustee, under an express trust, to invest surplus
funds when practicable, and thereby make interest.
5 Kent's Com. 230–31; Lewin on Trusts, 336, 358; Hill
on Trustees, 368–69; Harrison v. Mock, 10 Ala. 193;
Dunscomb v. Dunscomb, 1 Johns. Ch. 508; Green v.
Winter, *ib.* 26; Manning v. Manning, *ib.* 527; Schiefelin
v. Stewart, *ib.* 620. Section 2024 of the Code, expressly
enjoining this duty, and amplifying the discretion of the
trustee, is but declaratory of the common law. That
special compensation cannot be allowed for the perform-
ance of ordinary duties, see O'Neill v. Donnell, 9 Ala.
734; Harris v. Martin, 9 Ala. 895. The allowance can-
not be sustained on the ground that any peculiar difficulty
or trouble attended the performance of the service; be-
cause the evidence showed that money could easily be
loaned at legal interest—in fact, that there was always a
demand for it.

M. A. BALDWIN, *contra.*—In the settlement of guardi-
ans' accounts, the law providing for the settlement of the
accounts of executors and administrators is applicable,
(Code, § 1825;) and this statutory provision has been
construed to mean, that the same rule of compensation
applies in both cases.—Allen v. Martin, 34 Ala. 442. In
Gresham v. Reese, (29 Ala. 91,) it was held, that lending
money by an administrator was an extraordinary service,
for which he is entitled to receive extra compensation;
and the same rule must be applied here. Any other rule
would give the same compensation to a guardian who had
managed his ward's estate for twenty years, lending out

his money, and compounding the interest annually, and
to one who had discharged the same duties for one year.

R. W. WALKER, J.—When this case was here before,
we held that the effect of section 2039 of the Code was,
to render section 1825 applicable to guardians, as well as
to executors and administrators.—Allen v. Martin,
34 Ala. 442. The plain intention of the legislature, in
making section 1825 applicable to guardians, was, that
they should receive the same compensation for the per-
formance of the ordinary duties of their office, which
is allowed executors and administrators for the per-
formance of the ordinary duties of the office of execu-
tor or administrator; and that they should also be
allowed "actual expenses, and for special or extraordinary
services such compensation as is just." The offices of
guardian and administrator are different, and each has its
respective ordinary and extraordinary duties. Some of
the services which belong to the ordinary duties of a
guardian, might, if performed by an administrator, be
justly considered as extraordinary; and vice versa. For
the performance of the duties which attach as ordinary
incidents to the particular office, the only compensation
authorized by law is in the shape of commissions upon
the moneys received and disbursed; and these are limited
to two-and-a-half per cent. upon the receipts, and the same
per-centage upon the disbursements; while, for the dis-
charge of special or extraordinary services—that is, of
those which do not form a part of the customary or regu-
lar duties of the office—such compensation may be al-
lowed as, under the circumstances of the particular case,
is just.—Code, § 1825; Newberry v. Newberry, 28 Ala.
691; Reese v. Gresham, 29 Ala. 91; Allen v. Martin,
supra.

On the final settlement of the appellee, the probate
court allowed him two-and-a-half per cent. commissions on
his receipts and disbursements, and a considerable addi-
tional amount, not as actual expenses incurred in dis-
charging his duty as guardian, but as compensation for ser-
vices rendered by him in lending the funds of his ward,

and compounding the interest accruing thereon, through a period of six or seven years. The only question we are to decide, therefore, is, whether the service which is performed by a guardian in lending his ward's money, and compounding the interest thereon, through a series of years, belongs to the class of "special or extraordinary services," within the meaning of section 1825 of the Code. That this question must be answered in the negative, seems too plain for controversy.

Independent of any statute upon the subject, it is one of the *ordinary* duties of a guardian to invest the surplus funds of his ward, and make interest thereon, whenever it is practicable to do so.—Hill on Trustees, §§ 368-9; 2 Kent, 230-1. Section 2024 of our Code is in these words: "It is the duty of the guardian to manage the estate of his ward frugally, and to improve it to the best of his skill and ability. *He must*, if *practicable*, lend out the surplus money of the ward, on bond and mortgage, or on good personal security; and if the bond is not renewed annually, require the interest to be paid at the end of each year." When a guardian lends out the surplus money of his ward, and either renews the note annually, or collects the interest at the end of each year, he performs one of the universal, certain, and ordinary services incident to his office. For such services, the only compensation which the law allows him, is such as may be furnished by the regular commissions upon his receipts and disbursements.—Authorities *supra;* see, also, O'Neill v. Donnell, 9 Ala. 734.

Peculiar circumstances may sometimes render the discharge of an ordinary official duty unusually difficult and troublesome. The case of O'Neill v. Donnell, 9 Ala. 734, seems to decide that this circumstance would not affect the measure of compensation. If it be conceded, however, that in such a case, the extra labor and trouble necessary to the discharge of the duty would fall under the denomination of "special or extraordinary services," the concession would be of no avail to the appellee. The bill of exceptions repels the idea, that the guardian would have found any special difficulty in pursuing the directions

of section 2024 of the Code, or that in lending out his ward's funds he performed any service which can be fairly classed as special or extraordinary.

The probate court erred, in allowing the guardian any compensation, beyond two-and-a-half per cent. commissions on his receipts and disbursements, for the services performed in lending out the funds of his ward, and compounding the interest thereon.

Decree reversed, and cause remanded.