# FRIERSON vs. TRAVIS.

[BILL IN EQUITY BY WARD AGAINST SURETY ON GUARDIAN'S BOND.]

1. *Notice of settlement of guardian's accounts.*—Notice of the settlement of a guardian's accounts, before the probate court, may be given, as in the case of executors and administrators, through a newspaper published in the county, or, if there is no newspaper in the county, by advertisement posted up at the courthouse-door and three other public places in the county (Code, §§ 1805, 2039); but, where the order of the court directs notice to be given "by written advertisements set up at the courthouse-door for three successive weeks," and the decree recites that the notice was given as prescribed in the order, this is not a substantial compliance with the statutory requisitions.

2. *Jurisdiction of probate court over infants ; appointment of guardian* ad litem.—In appointing a guardian *ad litem* for an infant, without notice, the probate court, like the chancery court, merely commits an irregularity, which renders its decree against the infant voidable only, and not absolutely void ; but, to sustain the decree in such case, when collaterally assailed, the record must affirmatively show that the guardian accepted the appointment; and this cannot be inferred from a mere recital, that the guardian was present, and did not object to the allowance of the accounts and vouchers.

3. *When ward may come into equity against surety on guardian's bond ; parties to bill.*—Where a guardian is a non-resident, and dies insolvent; and there is no administration on his estate; and one of the sureties on his official bond also dies, insolvent; the ward may maintain a bill in equity against the surviving surety, for a settlement and account, without joining the personal representative of the guardian or of the deceased surety.

APPEAL from the Chancery Court at Tuskaloosa.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 1st August, 1860, by Elias S. Travis, against Robert P. Frierson. Its material allegations were—that on the 25th December, 1848, Gideon B. Frierson was appointed, by the probate court of Tuskaloosa, guardian of the complainant, who was then an infant ; that said Frierson thereupon executed his official bond as such guardian, with Robert P. and Samuel G. Frierson as his sureties, entered on the discharge of the duties

of the trust, and received moneys belonging to his ward's estate; that in November, 1853, said guardian made with said probate court what purported to be a final settlement of his accounts and vouchers, by which it appeared that there was a balance of more than two hundred and twenty dollars due to him from the estate of his ward; that many errors, both of law and of fact, intervened in this settlement, and it ought not to be held binding on the complainant, who was then an infant, and had no notice of said settlement, nor was he represented by a guardian *ad litem.* The bill specified, as errors of law, showing the invalidity of the settlement, several defects and irregularities in the proceedings; and also alleged mistakes and errors of fact in the allowance of specified items of the account, both on the debit, and on the credit side. It further alleged, that the guardian soon afterwards removed to Texas, and there died, insolvent; that no letters of administration had ever been granted on his estate; and that Samuel G. Frierson, one of the sureties on his official bond, had also died insolvent. The prayer of the bill was, that, on final hearing, if the chancellor should be of opinion that the settlement was not binding on the complainant, it might be set aside and annulled; that an account might be taken to ascertain the amount due to the complainant from his guardian, and that a decree for the balance thus ascertained might be rendered against the defendant; but, if the settlement should be held binding, that then the specified errors in the account might be corrected; and the general prayer, for other and further relief, was added.

The defendant answered the bill, denying the alleged errors and irregularities in the probate decree; asserting, on the contrary, the validity and correctness of the settlement; but admitting all the other averments of the bill. He also pleaded the settlement in bar of the relief sought, and demurred to the bill for want of equity.

The chancellor overruled the demurrer; held the settlement not binding on the complainant, because the record did not show that the guardian *ad litem* accepted the appointment; ordered the settlement to be corrected as to some of the specified items, and annulled as to others, and

referred the matters of account to the register. The master reported a balance of sixteen hundred and twenty-four dollars as due the complainant, and his report was confirmed without exception. Each portion of the chancellor's decree is now assigned as error.

E. W. PECK, for appellant.

A. J. WALKER, C. J.—The account of Gideon B. Frierson, as guardian of Elias F. Travis, the appellee, was adjudicated by a decree of the probate court on the 24th October, 1853. We are to decide whether that decree is void. Its validity is impeached, upon the ground that the ward was an indispensable party to the proceeding, and was not in any legal mode made a party.

In proceedings before the probate court, for settlement of the accounts of executors and administrators, notice may be given through a newspaper published in the county; and if there be no newspaper in the county, by advertisement posted at the court-house and three other public places in the county.—Code, § 1805. This regulation is applicable to the settlements of guardians.—Code, § 2039; *Allen v. Martin*, 34 Ala. 442; *S. C.*, 36 Ala. 330. Therefore, notice may be given of the settlement of a guardian's account, by advertisement, posted up at the court-house and three other public places, when no newspaper is published in the county.

At the commencement of the proceedings for the settlement of the guardian's account, it was ordered by the court, that notice should "be given by written advertisements, set up at the courthouse-door, for three successive weeks." In the decree it is recited, that the prescribed notice had been given; and that fact, together with the failure of the guardian *ad litem* to make objection to the guardian's accounts and vouchers, is set forth as the ground upon which the decree is based. It is an unavoidable inference from what we have stated, that no personal notice was given to the ward, that no notice in a newspaper was given, and that no notice was either posted, or ordered to be posted, at three other public places in the county besides the court-house.

Frierson v. Travis.

The statute authorizes the adoption of a certain mode of giving notice, which may be regarded as the equivalent of personal notice. The probate court did not require a compliance with the statute; and it was not complied with, either literally, or substantially. Nothing less than the statute has prescribed can be a legal constructive notice.— *Jenkins v. Jenkins,* 16 Ala. 693. The decree must, therefore, be treated as if rendered without notice to the necessary party. It can not, therefore, be effectual against the ward, who was interested adversely to the guardian, unless in some legal mode the want of notice is excused.

[2.] It is contended, that a guardian *ad litem* was appointed, and represented the infant; and that that fact gave jurisdiction over the person as to the infant. This court decided, in *Preston v. Dunn,* (25 Ala. 507,) that the chancery court was the general guardian of all infants; and that, therefore, the chancellor, appointing a guardian *ad litem,* without notice to the infant, would merely perpetrate an irregularity, which would not make the judgment absolutely void. We see no reason why this doctrine should not be applicable to the probate court, many of whose powers are concurrent with those of the chancery court, and which is governed, in the main, by rules of practice analogous to those of the chancery court.—*King v. Collins,* 21 Ala. 363. But we cannot find, from the record, that the infant in this case was ever represented by a guardian *ad litem.*

On the 21st September, 1853, the probate court made an order that G. W. Jennings be appointed guardian *ad litem,* and that notice issue to him. On the 24th October, 1853, it is recited in the order of the court, that the notice previously required was given; that the guardian *ad litem* was present, and made no objections to the accounts and vouchers; and that, therefore, they were allowed. These recitals, which contain everything pertaining to the subject, fail to show, or authorize the inference, that the guardian accepted the appointment. They do show that he was present; but he may have been present, without consenting to the appointment. And if we resort to speculation, it could be more reasonably argued, that

10

the guardian *ad litem* was present, and did not accept the appointment, than that, having assumed the obligations of the trust, and being present, he utterly neglected his duty, and suffered the law to be violated, by an allowance of the account and vouchers, without the slighest proof, and yet interposed no objection. The statute expressly required proof of the items on the credit side of the account; and if the guardian accepted the trust, we have his neglect of duty superadded to the judge's inattention to the law.—Code, § § 1800, 2039.

To make up the representation of an infant by a guardian, there must be an express assent by him to the appointment, or there must be some action by him denoting his assent.—*Greenup v. Bacon*, 1 Monroe, 108; *Shaefer v. Gates*, 2 B. Monroe, 453; *Bustard v. Gates*, 4 Dana, 429; *Banta v. Calhoun*, 2 A. K. Mar. 166; *Benningfield v. Reed & Sutherland*, 8 B. Mon. 102; *Bank of the U. S. v. Cockran*, 9 Dana, 395; *Daniel v. Hannagan*, 5 J. J. Mar. 48; *Doe*, ex dem. *Duval's Heirs v. McLoskey*, 1 Ala. 708–726; *Smith v. Smith*, 21 Ala 761; *Cato v. Easley*, 2 St. 214. The infant can not be bound by the acts of a guardian *ad litem*, until the responsibility of the office is imposed; and this can not be until he accepts the appointment.

We agree that, when the validity of a decree of the probate court is assailed collaterally, its language should be construed most favorably to the maintenance of the jurisdiction.—*Jemison v. Smith*, 37 Ala.; *King v. Kent*, 31 Ala. 542. But the court can not add to the language of the record, and, under the pretense of interpretation, incorporate a new fact. The presence of the guardian *ad litem* does not imply an assent to his appointment, and the fact of such presence can not in any way embrace the idea of an acceptance of the office.

The question of the presumption of notice, when the record is silent upon the subject, was discussed by Judge STONE in the case of *Hunt v. Ellison*, 32 Ala. 193. But, whatever may be the doctrine upon that subject, the presumption of a fact can not be indulged as an excuse for the want of notice, when it affirmatively appears that no notice was in fact given. If the record affirmatively discloses that

Frierson v. Travis.

a judicial proceeding was without notification to a party, an excuse for the want of notification can not be supplied by intendment ; and we presume no case can be found to sustain a proposition to the contrary.

The decree of the probate court was made in the absence of jurisdiction over the person of the infant, and was, therefore, void.

[3.]. As the decree of the probate court is a nullity, the bill is not necessarily to be regarded as filed alone to correct errors, under section 1915 of the Code. It may be regarded as the commencement of a proceeding to settle the accounts of the guardian, and recover the balance due the ward from the surety of the guardian. The decree being a nullity, and therefore entirely removed from view, the bill is not one for the correction of errors. It sets forth an equitable cause of action on a guardian's bond. It is shown that the guardian, being the principal obligor in the bond, was a non-resident of the State of Alabama, and died in the State of Texas, and that there was no adminis- tration upon his estate. With regard to the other surety, not made a party, it appears that he died insolvent. These facts constitute a sufficient excuse, under our decisions, for the failure to make the representatives of the deceased obligors parties.—*Moore v. Armstrong*, 9 Porter 697 ; *Watts v. Gayle & Bower*, 20 Ala. 817 ; *Saunders v. Godley*, 23 Ala. 473.

No error in the taking of the account has been pointed out to us, and we have detected no error therein prejudicial to the appellant.

The decree of the chancery court is affirmed.