## GORDON ET AL. vs. McLEOD, EXECUTOR.

1. Matters cannot be assigned for error in the Appellate Court which were not excepted to, nor in any other manner reserved, by the plaintiff in error, in the court below.

ERROR to the Court of Probate of Wilcox.

On the final settlement of the estate of Robert G. Gordon, deceased, by Alexander McLeod, his executor, the distributees of the estate appeared by attorney, and objected to the allowance of an item of five hundred dollars, with which the executor had charged the estate. No bill of exceptions was taken; but the judgment entry recites all the evidence which was introduced relative to the disputed item, and the judgment of the court, that it was insufficient to 'authorize the rejection of the charge.

"The decision of the court upon the proof, as shown in and by the record, allowing to the said executor the said sum of five hundred dollars," is now assigned for error.

C. C. SELLERS, for plaintiffs in error.

WATTS, JUDGE & JACKSON, contra.

LIGON, J.—The record does not show that the matters assigned for error in this court were excepted to, or in any other manner reserved by the plaintiffs in error, in the court below.

This court has repeatedly held, that it will not revise any supposed error in the decision of an inferior court of law upon facts, unless they are set forth in a bill of exceptions, signed and sealed as the statute directs. 17 Ala. 700; 13 ib. 245; 12 ib. 600; 5 ib. 127; 9 Porter 136; ib. 118; 5 ib. 103; 5 Stew. & P. 330.

We are not disposed to change the practice, even if we were at liberty to do so; and consequently, the judgment of the Court of Probate is affirmed.