SMITH'S DISTRIBUTEES *vs.* KING, ADM'R.

1. A decision of the inferior tribunals upon facts, cannot be made the basis of an assignment of error, unless the record shows that exception was taken in the court below to its ruling.
2. Where an estate is directed by the will to be kept together until the testator's youngest child becomes of age, (1845) and the administrator with the will annexed rents out the real estate, or cultivates it for his own benefit, he is chargeable with the rents on final settlement, although the administration commenced prior to the passage of the act of 1839, and although he failed to make final settlement at the time appointed by the will.

ERROR to the Court of Probate of Lowndes.

This is a writ of error from a decree of the Probate Court of Lowndes county, on the final settlement of the defendant in error as administrator with the will annexed of Jeremiah Smith, deceased.

It appears by a bill of exceptions, which was allowed on said settlement at the instance of the plaintiffs in error, who are distributees of said estate, that it was proved that the defendant in error had cultivated, on his own account, about four or five hundred acres of the land of said estate, during the years 1846 and 1847, and that the rent thereof was worth a dollar or more per acre. The plaintiffs in error moved the court to charge the defendant with a reasonable rent for said

lands.   It appeared that the youngest son of the testator became of age in 1845, when the will required the estate to be divided.   There was no proof showing, or tending to show, that the defendant offered to rent, publicly or privately, the said lands, during the years above named; nor was there any proof showing any authority in the defendant to keep the estate together longer than 1845, when the youngest son of the testator became of age.   The court refused to charge the administrator with any rent for the lands, and the plaintiffs excepted.

It was further proved that the defendant, as administrator, had rented the said lands, at public auction, during the years 1848, 1849 and 1850, for divers sums of money, the amount of which is not stated in the bill of exceptions.   The plaintiffs moved the court to charge the defendant with these several amounts, as assets of the estate in his hands.   The court overruled the motion, and refused to charge the defendant with the said rents, so as aforesaid received; to which the plaintiffs also excepted.

In the will of said Jeremiah Smith are found the following clauses :

"Item 3.   I wish all my property to remain together, or on the plantation, until my youngest son, Burrell Smith, arrives at the age of twenty-one years; then an equal division to take place of all my estate, among all my children named above.

"Item 4.   I wish all the income of my estate, or so much thereof as will clothe and board my four youngest children, say Jeremiah Smith, Araminta A. Smith, Rebecca Smith, Burrell, and also Robin Smith until he graduates, and one year to study law.   If the income is more than will complete the item four, then my executors shall put it to any use they may think proper to increase the estate."

The record shows that Mrs. Ansly, one of the distributees, died pending the administration ; and the defendant produced proof of the payment to her husband, during her life, of more than sufficient to absorb her distributive share of the estate.   This credit the court allowed, to the extent of said share.

The record does not show when administration was taken

upon the estate of said Smith; but the will seems to have been probated as early as 1834. The first connection, however, of the defendant with the estate, disclosed by the record, is in 1843 and 1844.

The errrors assigned are:

1. That the court allowed the defendant credit for the moneys paid to Ansly in right of his wife, to the extent of her distributive portion;

2. The refusals of the court to charge the administrator with the rent of the lands, as above stated.

T. WILLIAMS, for plaintiffs in error:

1. An advance of money made by an administrator to the husband of a legatee, cannot be allowed the administrator on final settlement, without proof that such payment was made in discharge of the legacy. Watson v. McClanahan, 13 Ala. Rep. 57.

2. It is not denied that an administrator cannot be charged with the rent of lands, if the intestate died prior to the act of 1839, or that this act is not retrospective; but where a man dies testate, and directs that his lands and slaves shall be kept together until a certain time, (1845,) and then to be divided, the executor has the right, under the will, to the possession of the land and slaves; and if he retains them after that time, without permission from the Probate Court, he will be held responsible. Steele v. Knox, 10 Ala. 614.

3. Where the rent is received as administrator, he is liable, (Bondurant v. Thompson, 15 Ala. 202;) especially when the land was rented since 1839. Terry v. Ferguson, 8 Porter 500.

WATTS, JUDGE & JACKSON, contra:

1. The first assignment of error cannot be noticed, because there was no exception in the court below. Gordon v. McLeod, 20 Ala. 242, and authorities there cited.

2. Before the statute of 1839, an administrator had nothing to do with the lands of the deceased; if he rented the land, he could not be charged, in the Orphans' Court, with the amount received. Leavens v. Butler, 8 Porter, 380; Terry v. Ferguson, ib. 500; Smith v. Smith, 13 Ala. 329. The

statute of 1839 only operates prospectively, and can have no influence in cases where the decedent died before the passage of the act. Phillips v. Gray, 1 Ala. 226.

3. But, even if the administrator could be charged with rents, or for use and occupation, in the Orphans' Court, it must be shown that he pursued the terms of the statute, and received the rents in his representative character under the statute. Martin v. Williams, 18 Ala. 193; Smith v. Smith, 13 ib. 329; 8 Porter 380; Coster v. Brack, 19 Ala. 210. The administrator here may be accountable to the heirs, for the rents of the land, in equity, or in a common law suit; but he is not accountable in the Probate Court.

GIBBONS, J.—The first assignment of error does not bring to our notice its subject matter in such a manner that we can here regard it. There seems to have been no exception taken to the ruling of the court below; and in such cases, the rule of this court is, not to revise the decisions of the inferior tribunals upon facts, unless the objection is made at the time of the decision, and this is made to appear by bill of exceptions, or otherwise by the record. Gordon et al. v. McLeod, 20 Ala. 242.

In refusing to charge the defendant with the rent of the lands, as shown in the bill of exceptions, we think the court erred. We see no reason why he should not be called to account for those rents, as well as for any other assets in his hands; for assets they undoubtedly were. If he used and cultivated the lands, for his own benefit, he was clearly chargeable with reasonable rent for them; and for the years that he rented them out, the nett proceeds belonged to the distributees, as much as any other funds in his hands derived from the estate. We presume that the court below based its decision upon the idea, that inasmuch as the lands descended to the heirs, and the administration having commenced prior to the passage of the act of 1839, authorizing administrators to rent out the lands of estates, therefore these rents were not assets of the estate. It is true, the act of 1839 cannot have a retrospective operation; and in the case of an administration of an estate of an intestate commencing before the passage of the act, the decision of the court would have been correct.

Phillips v. Gray, Adm'r, 1 Ala. 226; Leavens v. Butler, 8 Porter 380; Terry v. Ferguson, ib. 500; Smith's Heirs v. Smith's Adm'r, 13 Ala. 329; Bondurant, Adm'r, v. Thompson's Distributees, 15 Ala. 202. These decisions go upon the ground, that the Orphans' or Probate Court has no jurisdiction to render a judgment against the administrator for any thing that is not assets in his hands. But the case at bar is an administration with the will annexed; and by the terms of the will, the executors are required to keep the whole estate, real and personal, together, until the youngest son becomes of age. The executors are directed to disburse the income, so far as it may be necessary for the maintenance and support of the family, and the overplus, if any, to apply to the increase of the estate. A division could not take place until 1845, when the youngest son became of age. Although the title to the lands under the will vested in the heirs at the death of the testator, the possession and enjoyment of them was postponed, and given in trust to the executors. It was the duty of the administrator to make final settlement and divide the estate in 1845, when the youngest son became of age; until that time, he was directed to hold the estate; and, unquestionably, all that he received up to that time from the lands were properly charged to him. This is not denied. His default in making final settlement, cannot alter the character of his tenure of the estate, so far as his liability is concerned, nor prevent the rents received by him from being assets in his hands. The court acquires its jurisdiction to charge him with the rents, not from the act of 1839, or from any other statute authorizing him to rent or take possession of the lands, but by the will of the testator, making the lands, and the rents and profits thereof, assets in his hands. The case of Martin v. Williams, 18 Ala. 193, and the other cases cited upon the brief of the defendant's counsel, are not supposed to have any application to this case.

For the errors above noted, the judgment of the court below is reversed, and the cause remanded.