REESE vs. GRESHAM, Adm'r, &c.

[APPEAL FROM DECREE ON FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Exception necessary to decision on question of fact.*—A party who wishes to revise on error the action of the probate court, upon a question of fact, must reserve it by exception or·otherwise, and must set out, either on the minutes or in a bill of exceptions, the evidence on which the court acted.—Code, § 1891.

2. *Extraordinary services and compensation of administrator.*—When an estate is kept together under an order of court, and the money belonging to it loaned out, the services rendered by the administrator in the discharge of the duties thus imposed on him are special and extraordinary, (Code, § 1825,) and the court may allow for them a just compensation, to be determined upon the evidence adduced.

APPEAL from the Probate Court of Lowndes.

IN the matter of the estate of George M. Reese, deceased, of which the appellee was the administrator, the appellant being the widow of said intestate. An annual settlement of the administrator's account was, by consent of parties, treated as a final settlement so far as the widow was concerned ; and from the decree thereon rendered this appeal is prosecuted. The opinion of the court renders it unnecessary to notice particularly either the errors assigned, or the other facts of the case.

THOS. WILLIAMS, for the appellant.

WATTS, JUDGE & JACKSON, contra. .

WALKER, J.—The first assignment of error is not well taken in point of fact. The court below did not deduct the payments made to the different distributees from the aggregate amount for distribution ; but made the deduction of the payments made to the appellant from her share, as ascertained from an allotment to her out of the entire sum for division.

It is settled by the decisions of this court, that one desiring to revise the action of the probate court, upon a question of fact, must reserve it by exception, or otherwise, and must set out the evidence upon which the court acted, either on the

minutes or in a bill of exceptions.—Code, § 1891 ; Williams and Wife v. Gunter, 28 Ala., and authorities on brief of counsel for appellee. These citations are fatal to all the other matters assigned as error, not noticed below.

The bill of exceptions does raise the question of the admissibility of evidence showing the value of the administrator's services for managing the notes, and keeping up and working the plantation. It seems that the administrator, by an order of court, kept the plantation together, and loaned out the money. The services rendered in the discharge of the duties thus imposed were not the ordinary duties of an administrator : they were special and extraordinary services ; and the court was, therefore, authorized to allow for them a just compensation, to be determined upon the evidence submitted.—Code, § 1825 ; Pinckard's Distributees v. Pinckard, 24 Ala. 250. The question objected to by appellant, was framed so as to elicit evidence which we have already decided would be legal, and was, in our opinion, unobjectionable.

There is no error in the record ; and the judgment of the court below is affirmed.