57   619'
118   256
m118 262|

# Gaillard, Adm'r *v.* Duke *et als.*

### Contest as to *Advancements on Final Settlement of Administrator.*

1. *Demurrer; practice.*—In a contest about advancements, where a demurrer is filed to the allegations, upon the ground that they were not· sworn to, and for other causes, and are sustained as to the latter causes, but overruled as to the other, whereupon amended allegations are filed, also not sworn to, but obviating the other defects for which demurrer was sustained, and issue joined on the amended allegations, the party demurring cannot rely upon his former demurrer, which was overruled, but he should demur to the amended allegations also, for the reason that they were not sworn to.

2. *Trial by judge or jury.*—In controversies as to advancements, the statute (Revised Code, § 1904,) provides for the judge of probate to try the issue, and it is his duty to do so, unless either party demand a jury.

3. *Same; revision on appeal.*—In such a case the decree of the judge will be revised on appeal, if *all* the evidence upon which he acted is set out; but will not be reversed for the admission of irrelevant testimony, if the other evidence justifies the decree.

4. *Decision of former cases construed and distinguished.*—The decision in *Etheridge v. Malempre* (18 Ala. 565), and cases following—that the appellate court will not revise the judgment of the primary court upon the facts, where, by consent of parties, the judge is substituted for the jury—applies to cases where the determination of the facts does not belong to the judge or court, as a duty imposed by law, but can only be undertaken by agreement or request of the parties.

APPEAL from the Probate Court of Wilcox.

R. GAILLARD, for appellant.—1. The appellant has a right to his appeal—the Probate Court having rendered a decree as to the advancements alleged to have been made.—Revised Code, § 2245.

[Gaillard, Adm'r v. Duke et als.]

2.  If the proceeding is construed as having been commenced under section 1904, Revised Code, it was perhaps unnecessary that the statement of appellees should have been sworn to; but, under section 1906, it should have been sworn to; see, in this connection, section 1905.

3.  The law does not presume that trifling gifts and money expended for education are advancements.—*Autrey v. Autrey, Adm'r,* 37 Ala. 614; *Mitchell v. Mitchell,* 8 Ala. 422.

S. J. CUMMING, *contra,* with whom was BRUTUS HOWARD appearing for some of the distributees.—1. Section 1904 provides the mode in which advancements, under sections 1898–1904, shall be tried.

2.  Here the parties expressly waived a jury.  When a jury is waived, and the issue is tried by the judge, the Supreme Court will not review the decision unless all the evidence is set out in the bill of exceptions.  This court will not reverse on technical objections to the ruling in matters of testimony. "The court is presumed to eliminate all improper evidence when it comes to make up its judgment upon the whole proof."—*Hurt v. Nave,* 49 Ala. 459; *Kirksey v. Kirksey,* 41 Ala. 626; *Myers v. Segars,* 41 Ala. 383; *Barnes v. The Mayor, &c.* 19 Ala. 707; *De Vendell v. Doe, &c.* 27 Ala. 157; *Stein v. Jackson,* 31 Ala. 24.

3.  The rule is well established in this court, that in order to obtain a reversal in a civil case, the appellant must not only show error, but must also show that he is injured thereby, and the burden is on him to show both.—*Kirksey v. Kirksey,* 41 Ala. 626; *Griffin v. Bland,* 43 Ala. 542.

MANNING, J.—Upon the final settlement of the estate of Josiah Garlington, deceased, of which Robert Strock, deceased, of whose estate appellant is special administrator, was one of the distributees, a contestation took place upon the question whether the said Robert had or had not received any money, and if any, how much, from the said Josiah's estate, by way of advancement.  The allegations that he had, were made by the appellees; and a demurrer thereto having been filed by appellant, upon the ground that the allegations were not sworn to, and for several other causes assigned, was sustained for these latter causes, but not for the reason that the allegations were not verified upon oath, which the court held not to be necessary.  Thereupon appellees filed amended allegations, not so verified, but obviating the other objections made by the demurrer, and upon

[Gaillard, Adm'r v. Duke et als.]

these amended allegations, not so verified, but obviating the other objections made by the demurrer—and upon these amended allegations, without having demurred thereto, appellant took issue.

If it was the purpose of appellant to insist that the amended allegations were defective because not sworn to, he should have demurred to them, also, for that reason.   The conten-- tion cannot be made upon the former pleading, which has become *functus officio;* it must be made upon that which is the foundation of the proceedings that are actually had.   The first assignment of error cannot therefore be sustained.

Neither party having demanded a jury, the issue was tried, as the statute provided, by the court.   And proof having been made that Robert Strock, deceased, was a grandson of the intestate, Josiah Garlington; and that his mother, a daughter of said Josiah, died in giving him birth, and that his grand-parents then took him to bring him up, and were at the expense of maintaining and educating him until his death, in 1871; and evidence having been adduced tending to show that his grandfather meant that this expense should be accounted for as an advancement to the boy as the representative of his deceased mother.   Appellees, in order to strengthen that idea, asked the witness, a daughter of said Josiah, " if her father charged L. W. Duke and his wife (who were his son-in-law and daughter), with board during the year 1871?—she having already stated that they lived with her father that year."   To this question appellant, as special administrator, &c., objected, on the ground that it was irrelevant.   But the court overruled the objection; appellant excepted, and the witness answered " that they were charged board."   This witness was further allowed, against the objection and exception of appellant to the question, to testify that her mother, the grandmother of Robert Strock, said, when he was brought to her as a babe, " that they would raise it if it took everything its mother had to raise it."   Two or three other questions were, in like manner, objected to as irrelevant, but allowed to be put to witnesses against the objections and exceptions of appellant.   There was also evidence given, some tending to prove, and some tending to disprove, the allegation that the grandfather intended what he had expended upon Robert Strock to be counted as so much advanced to him from his grandfather's estate.   But the evi-- dence itself was not set out.   The court found that $560 had been thus advanced to Robert Strock.   The questions for us to decide are : whether the court committed error that will-

[Gaillard, Adm'r v. Duke et als.]

reverse its judgment in overruling appellant's objections and permitting the witnesses to answer the interrogatories objected to.

It may be admitted, for the purpose of the argument, that the answers to these interrogatories were not relevant evidence. But they were not submitted to a jury. Although the judge performed the office of a jury in rendering a verdict upon the evidence, he also constituted the court. It belonged to him to decide what part of the evidence was legal, as well as its weight and effect in support of or against the matter alleged. And, generally, the court must hear the evidence before deciding whether it is legal or not. It is not, indeed, easy to see how it can be kept in ignorance of such testimony. Though it is proper certainly for a party to object to evidence in such a case, in order to show that he does not consent to the admission of such as is inferior, or dispense with the production of the best. The cause then comes before the probate judge, as a cause in equity comes before a chancellor, in which objections are made to interrogatories to the witnesses, or the other instruments of proof. The evidence and objections go to him together; and upon consideration of them all, he makes up his decree. If there be error in this decree, it will be corrected upon appeal. But it will not be reversed because a witness was suffered to testify against objection, whose testimony was irrelevant, if the other evidence in the cause justifies the decree.

In like manner, in such a case as the present, before a judge of probate, the party who thinks errors have intervened to his prejudice, in the rendering of the decree, can have them reviewed by bringing the cause, with all the evidence set forth in a bill of exceptions, to this court. For when, as here, the duty of determining the matter in controversy, upon the evidence, is devolved by law on the court, unless a trial by jury be demanded by one of the parties, an appeal may be taken from the decision of the judge below.—*Bogle v. Bogle's Administrator*, 23 Ala. 546; *Bradley v. Andress*, 30 *id.* 80. But in order to enable this court to ascertain whether error did, in fact, intervene or not, all the evidence that was before the lower court must be incorporated in the record brought to this. In the present instance, this is not done; and we are therefore not enabled to say that the judge of probate erred in his decree.

It is a different class of cases, in which the decision of the judge upon the facts taken by consent of parties in place of the verdict of a jury, can not be reviewed in this court.

The rule, as stated in the first head-note in *Etheridge v. Malempre* (18 Ala. 565), is as follows: " Where, in a common-law suit, the judge, by consent of parties, is substituted for the jury, and the evidence is conflicting and contradictory, this court will not revise the action of the primary court, as to its conclusion upon the facts." With this several other cases agree. They are those in which the office of deciding the matter upon the evidence, does not belong to—and can not be discharged by the judge or court, as a duty imposed by law—but in which it is undertaken upon the request or by the agreement of the parties, and by their authority only.

The judgment of the Probate Court must be affirmed.