# McDonald *v.* Jacobs.

*Final Settlement of Accounts of Deceased Administrator.*

1. *Partial settlement as evidence, and papers on file relating to.*—On final settlement of the accounts of a deceased administrator, made by his personal representative, a former partial settlement, made by the administrator himself, is admissible as evidence against him; and papers on file relating to that settlement, though recorded without being dated or marked filed, are also competent evidence.

2. *Error without injury in admission of evidence.*—On the trial of a cause before the Probate Court without a jury, the admission of illegal evidence is error without injury, when the decree is fully sustained by the legal evidence set out in the record.

3. *Liability of administrator for slaves bought at his own sale in 1864.* On the evidence shown by the record in this case, the estate of the deceased administrator was properly charged with $1200, as the value of two slaves bought by him at his own sale in 1864, and interest thereon from September 1st, 1865; that being the price bid by him at the sale, and the evidence not showing that they were then worth less in good currency.

APPEAL from the Probate Court of Marshall.

Heard before the Hon. THOS. A. STREET.

In the matter of the final settlement of the accounts and vouchers of James H. Moore, deceased, as administrator of the estate of Simon Jacobs, deceased, by Andrew J. McDonald, the personal representative of said Moore, on citation issued at the instance of Henry G. Jacobs, as administrator *de bonis non* of said Simon's estate. Simon Jacobs died in January, 1864, and letters of administration on his estate were granted to said James H. Moore on the 16th of March, 1864. On the same day, the administrator filed a petition asking an order to sell the slaves and other personal property, for the payment of debts. The order was granted, and the property was sold, but at what time does not appear. On the 8th of October, 1866, the administrator filed his accounts and vouchers for a partial settlement, and a day was appointed for the hearing; but the cause was then continued, on his application, the papers on file having been destroyed by the burning of the court-house. In February, 1868, the administrator again filed an account current for a partial settlement; and in his petition he alleged that he had not collected the purchase-money for the slaves sold, being

advised that the sale was null and void by reason of the "Emancipation Proclamation" of President Lincoln, published in January, 1864, In his account as stated, the administrator charged himself with assets received amounting to $224.25, and asked credit for disbursements amounting to $342.45, leaving a balance of $118.30 in his favor; and the account was allowed as stated, in a partial settlement made on the 17th of February, 1868. Said Moore died in November, 1881, never having made a final settlement of his administration; and in May, 1883, a citation was issued to said McDonald as his personal representative, to compel a final settlement.

On the hearing, the administrator of Jacobs offered in evidence all the papers on file relating to Moore's administration, which had been recorded, but were not marked filed, and some of which were without date, and also the minute-entries and orders of the court in reference to them, including said partial settlement. Moore's administrator objected to the admission of each of these papers and orders, and duly excepted to the overruling of his several objections. Among the papers so recorded, and admitted in evidence against objection, was a letter addressed by said Moore to the probate judge, dated November 10th, 1866, in these words: "Having been notified relative to the above estate, I can only say that the papers containing the account of sales, which I filed in your office, having been destroyed by fire, and those of which I kept a copy having been taken from me by robbers, I suppose I must beg indulgence, until I can see and hear from the purchasers, and ascertain as near as possible the amounts, as I have only collected $14 from said sales, and have paid out about $50 for said estate."

The administrator of Jacobs sought to charge Moore's estate with the value of two slaves, which went into his possession as administrator; and he introduced witnesses who testified, in substance, that Moore himself was the purchaser of said slaves at his own sale, at the price of $1,200, and that he afterwards carried them to South Alabama, in the summer or fall of 1864. There was no evidence as to the value of said slaves. The court charged Moore's estate with $1,200, as the value of the slaves, with interest from September 1st, 1865; to which ruling and decision an exception was duly reserved by Moore's administrator.

All the rulings of the court to which exceptions were reserved, and the final decree, are now assigned as error.

HAMILL & LUSK, for appellant.

W. L. MARTIN, and GEO. W. JONES, *contra.*

SOMERVILLE, J.—The record of the proceedings in the Probate Court, pertaining to the partial settlement of the administration of James H. Moore, deceased, upon the estate of Simon Jacobs, was clearly admissible in this case, which is but a completion of this settlement by the appellant, McDonald, who is the administrator of Moore's estate, and, as such, bound by all the antecedent acts and admissions of his intestate. The purpose and tendency of this record evidence—which was but a history of Moore's administration, as far as he had made it a matter of record—was to fasten a liability upon his estate. The fact that some of the papers connected with the administration of the estate were recorded, without being first marked "filed," was immaterial; nor was the admissibility of these records destroyed by the fact that some of the papers were without particular dates as to the month. They all sufficiently appear to be authentic records of the proceedings of the Probate Court, touching the settlement of Jacobs' estate by Moore, as his duly appointed administrator, with the will annexed.

If it be conceded that the "letter" of Moore, bearing date November 10th, 1866, and in the nature of a report to the probate judge as to the matters of the estate, was improperly admitted in evidence (which is by no means certain), this would be error without injury, as the decree of the Probate Court is fully sustained without this evidence.—*Gaillard v. Duke*, 57 Ala. 619; *Kirksey v. Kirksey*, 41 Ala. 626. In fact, it could not have availed any thing, in its bearing on any issue in this case.

The valuation fixed by the probate judge upon the two slaves purchased by the administrator at his own sale, in the year 1864, and for which he was clearly liable, seems to us to be sustained by the evidence. This was the price bid by him, and they are not shown to have been worth less in good currency.

The assignments of error are not well taken, and the judgment is affirmed.