# McGowan *v.* Milner.

### Guardianship Settlement.

(Decided November 4, 1915.   70 South. 175.)

1. **Appeal and Error; Probate Decree; Exception; Sufficiency.**—Under the provisions of § 2856, Code 1907, a probate decree on final settlement of guardian's account may be reviewed on exception to the decree alone, where the evidence relating to the disputed questions or items is presented, without separate exceptions to the rulings on each item of debit or credit, since the cause will be considered as one having come before the probate court as a cause in equity.

2. **Insane Persons; Guardianship; Settlement; Debit.**—Where the ward was entitled under § 4407, Code 1907, to recover property attempted to be sold by his guardian without an order of court by an appropriate action, and had recovered the property attempted to be sold, without suit, the ward is not entitled to charge the guardian with its value.

3. **Same; Compound Interest.**—Under § 4377, Code 1907, a guardian whose firm borrowed money from the ward on a note, and whose payments thereon were not sufficient to discharge the principal and interest compounded annually, was chargeable with compound interest on the loan.

4. **Same; Allowance of Expenses.**—While the claim of a guardian for five dollars per day to cover expenses and loss of time in attending to the business of the ward was not unreasonable, it could not be allowed on the final accounting when it was not claimed or allowed upon an itemized account verified by affidavit as required by § 4440, Code 1907.

5. **Same; Attending Court; Medical Service.**—Since the attendance upon court was required of the guardian in the discharge of his duty as such, and was not a special or extraordinary service within § 4440, Code 1907, it was error to allow the guardian a credit of $35 for attending court; but it was not error to allow the guardian a credit of $10 paid for medical services for the ward.

6. **Same; Commissions.**—Construing §§ 4440-1, Code 1907, it is held that the guardian had no right to deduct any sum for compensation until allowed by a decree of the court, but should not be denied all commissions because of his premature deduction therefrom. However, he should be charged with interest thereon from the date when he credited his account with the commission to the date of the decree allowing such commission; commissions are allowable for the discharge of the ordinary duty incident to the guardianship, excluding commissions on debts of the ward paid to a firm of which the guardian was a member for purchases during the guardianship, and for collecting the principal of the fund invested by him; special or extraordinary services do not comprehend the ordinary duties of the guardian, nor will a guardian be allowed a commission for speculating with the ward's property or employing it in his own business, notwithstanding benefit accrued therefrom to the ward.

7. **Same; Devastavit.**—The act of a guardian of an insane person in using the funds of the ward, or in loaning them to a firm of which he was a member, was a devastavit, for which the guardian was accountable.

8. **Same; Cost; Allowance; Presumption.**—Where the bill of exceptions did not inform this court of the several items of the entire cost in probate court in guardianship proceedings, on account of which a credit of $91.85 was allowed, it will be presumed that such an allowance was proper, and in accordance with the statute.

9. **Same; Costs.**—After the decree of the probate court on a final settlement of the guardianship, subsequent costs incurred in the litigation of credit and debit items of the guardian's account, and of motions to charge him with items not embraced in the account to the extent that the ward's claims are successfully maintained, were taxable against the guardian.

APPEAL from Shelby Probate Court.
Heard before Hon. A. P. LONGSHORE.

Final settlement by Henry Milner as guardian of Oscar McGowan, in which motion was made to charge the guardian with certain items of receipts, and in which objections were made to certain credits claimed by the guardian. From a decree for the guardian the ward appeals. Reversed and remanded.

KNOX, ACKER, DIXON & BINGHAM, for appellant. BROWN, LEEPER & KOENIG, for appellee.

THOMAS, J.—The appellant was decreed non compos mentis, and on February 8, 1907, appellee was appointed, and qualified as his guardian. On October 19, 1914, said ward was declared restored to sanity and the guardian discharged by decree of the probate court.

On final settlement appellant moved to charge the guardian with specified items of receipt, and made specific objections to certain of the credits claimed. The decree of the court was to the effect that the contention of the ward was not well founded; that the guardian was not indebted to him in any sum; and all of the costs of the administration of the case, and of the contest, on final settlement, were taxed against the ward's estate.

The bill of exceptions recites: "The 8th day of February, 1915, the testimony in said cause having been closed by both sides, the said court took said cause under advisement for consideration of the testimony and briefs and argument until the 20th day of April, 1915, at which time, thereupon rendered a decree in said cause sustaining the charges sought to be made as regards to said rents and overruled the said charge in regard to said Lindsey, and overruling all the objections made

by the said Oscar McGowan to the credits, to which ruling an exception was made and allowed to said Oscar McGowan, and found that there was no amount due by said Henry Milner to the said Oscar McGowan."

(1) It is insisted by appellee's counsel, that the bill of exceptions must show that a separate exception was taken to the ruling of the court on each questioned item of debit and credit; and that, if only an exception is reserved, unless the ruling of the court on each of said items was erroneous, no reversal can be had. This is not the law in reviewing the decree of a court of probate from which an appeal is taken by the ward on final settlement. The cases of *Stowers Furniture Co. v. Brake,* 158 Ala. 651, 48 South. 89, and *Jones v. State,* 150 Ala. 54, 43 South. 179, cited by counsel, are not in point. The ruling in these cases was on a request to give charges as an entirety, and it was held that each of the charges must be erroneous before a reversal could be had on that ground.

The statute provides that: "Appeal from the decree of the court of probate, or from the order, judgment, or decree of the judge of probate, may be taken by the party aggrieved to the circuit or Supreme Court, in the cases and within the time hereinafter specified, under the same rules and regulations which govern other appeals." And that: "5. After a final settlement, upon any order, decision, or decree, made on such settlement, or respecting any item or matter thereof, or any previous settlement, or item, or matter thereof, within six months thereafter."—Code, 1907, § 2856.

It is proper that a party object to evidence referring to a contested item of the account, in order to show that he does not consent to the admission of incompetent testimony nor dispense with the production of the best evidence. To review the ruling on the introduction of evidence on any item, exception should be reserved. When, however, the appeal is from the correctness of the decree, the cause must be considered in this court, as having come before the probate court as a cause in equity before a chancellor, in which objections are made to interrogatories to witnesses, or other instruments of proof. The evidence and the objections go together; and upon consideration of them all the decree is rendered. If there by error in the decree, it will be corrected on appeal. In the cause before us, there

was no objection and exception to the ruling on the admission of evidence. It is clear that the ruling to which "an exception was made and allowed" to appellant, was as to the correctness of the decree. If the decree is erroneous, it will be reviewed. —*Gaillard, Adm'r, v. Duke et al.*, 57 Ala. 619; *Kirksey v. Kirksey*, 41 Ala. 626; *Radford's Adm'r v. Morris*, 66 Ala. 283; *McDonald v. Jacobs*, 85 Ala. 64, 4 South. 605.

This is not in conflict with the earlier decisions of our court. In *Gordon, et al. v. McLeod*, 20 Ala. 242, it was held that the record must show such matters assigned as error, as were in some manner reserved by the plaintiff in the court below. In *Jones v. Jones*, 42 Ala. 219, *Reese v. Gresham*, 29 Ala. 91, and *Williams v. Gunter*, 28 Ala. 681, it was held that one desiring to revise the action of the probate court, upon a question of fact, must reserve it by exception, or otherwise, or must set out the evidence upon which the court acted. These cases are rested on *Long v. Easly*, 13 Ala. 239, 246, where the court quoted approvingly from *Clarke v. West*, 5 Ala. 117, as follows: "If an improper charge is made against the administrator, or if he is held to account for assets not connected with the administration * * * the only mode by which he could revise the action of the court, was to raise the question by exceptions, taken to the judgment of the court; and if no exceptions were taken in the court below, this court could not examine the question raised here for the first time."

*Clarke v. West, supra*, was on the authority of *Horn v. Grayson* 7 Port. 270, where the holding was that the record must show "that an exception was taken to the decision of the court."

Where exception is taken to the decree of the court of probate and the evidence relating to the disputed question or item is presented by bill of exceptions, on proper assignment of error, this court will, as in chancery cases, review the correctness of the decree.—*Gaillard, Adm'r, v. Duke et al., supra.*

(2) In refusing to charge the guardian with the $150, for the mule sought to be sold to J. W. Lindsey, the court was not in error. Under the attempted sale without an order of court, the ward had the right (Code 1907, § 4407) to recover the property by an appropriate action.—*Hudson v. Helmes' Ex'rs*, 23 Ala. 585; *Shorter v. Frazier*, 64 Ala. 74. Having recovered the mule without suit, he was not entitled to charge the guardian with its value. The fact of its death is immaterial.

(3) The guardian should have been charged with compound interest on the Milner and Armstrong note. Section 4377 of the Code of 1907 is as follows: "All contracts made with guardians, verbal or written, for the payment of money, bear compound interest after maturity if not otherwise expressed; and judgments rendered thereon also bear compound interest."

The proof is without dispute that the loan was for $500, and of date April 15, 1907, and the evidence shows no fixed date of maturity; that the loan was made to the firm of Milner and Armstrong, of which the guardian was a member; that no payment was made thereon before the $9.71 credit of November 6, 1911; that the sum of the payments, made at irregular intervals, was not sufficient to discharge the principal and interest compounded yearly.

Where a guardian uses his ward's funds, or lends them to a firm of which he is a member, the interest must be compounded annually. The court committed reversible error in failing to require the guardian to account for compound interest on this loan.—*Irby, Adm'r, v. Kitchell, Adm'r,* 42 Ala. 438; *Hudson v. Helmes' Ex'rs, supra; Robinson v. Pebworth,* 71 Ala. 240; Code 1907, § 4376.

(4) In the case of *Pinckard et al. v. Pinckard's Adm'r,* 24 Ala. 250, it was held that the administrator was entitled on final settlement to credit for his actual expenses in going to Montgomery to sell cotton belonging to the estate. In *Ivey v. Coleman,* 42 Ala. 409, this court said: "The facts of the present case do not authorize the refusal of compensation to the executor, and that he should have a reasonable allowance for his special services, in superintending the slaves, plantation, and the gathering of the crop during the interval between the testator's death and the sale, and should be allowed, also, his regular commissions."

Keeping the estate together and lending out money was, in *Reese v. Gresham,* 29 Ala. 91, held to be extraordinary services. In *Gould v. Hays et al.,* 25 Ala. 426, it was declared that the court should "look to the loss of time, trouble, risk, and responsibility, which are demanded by the nature of the trust, and * * * actually incurred, and allow * * * such a remuneration as a prudent and just man would [under such] circumstances, consider a fair compensation." The claim of the guard-

[McGowan v. Milner.]

ian for $5 per day, to cover his expense and loss of time in attending to the business of the ward in Childersburg and in Talladega, was not unreasonable. However, this actual expense and special service was not claimed or allowed as required by the statute, Code 1907, § 4440.

(5) The court of probate was in error in allowing as a credit $35 for attending court on final settlement. This service is required of the guardian in the discharge of his duty as such. Attending court on final settlement is not a "special or extraordinary service," for which compensation may be allowed.— *Holman, Ex'r, v. Sims*, 39 Ala. 709; *Newberry v. Newberry*, 28 Ala. 691; Code of Ala. § 4440.

There was no error in allowing the credit $10 paid by the guardian for medical services rendered the ward. The guardian is entitled to credit for moneys actually expended for the ward. —*May v. Duke*, 61 Ala. 53. There might be circumstances under which the ward would be deprived of much needed medical services, if the guardian must first consent to the employment of such services. In the case in hand the account for such service was properly verified (Code 1907, § 4431) and presented to the guardian, and its payment was insisted on through an attorney; and the account was practically admitted by the ward.

(6) The compensation of the guardian is fixed by the statute as follows: "A guardian is entitled for his services to commissions of two and one-half per cent. on his disbursements, and two and one-half per cent. on his receipts, and on final settlement an allowance must be made of actual expenses necessarily incurred by him; and for special or extraordinary services rendered, such compensation must be allowed as is just; but no allowance of actual expenses, or for special or extraordinary services must be made, except upon an itemized account of such expenses, or of such special or extraordinary services, verified by affidavit; and in its decree the court must state each item of such services for which compensation is allowed. He shall be allowed all reasonable premiums paid on his bond as guardian."—Code 1907, § 4440.

Also bearing upon this subject, there is this statutory provision: "Upon the final settlement of a guardianship, the guardian, if he has not been guilty of fraud or gross negligence, must be allowed reasonable commissions, not exceeding two and one-

[McGowan v. Milner.]

half per cent. on the value of all personal property or choses in action surrendered to the ward, or to his personal representative, or to a succeeding guardian; but if the value of such personal property, or choses in action, and of such money exceeds twenty thousand dollars, the commissions on the excess must not be more than one per cent."—Code, § 4441.

This statutory rule of allowance of commissions should be strictly observed by courts of probate. The guardian has no right to deduct any sum for compensation until it is allowed by a decree of the court.

The guardian in this case, however, should not be denied all commissions because of his premature deduction of same, but he should be charged with interest thereon from the date of May 3, 1913, when he credited his account with the item of $102.21 as "commissions as guardian," to the date of the rendition of the decree of the court allowing that sum as commissions to the guardian.—*Nellson v. Cook*, 40 Ala. 498, 512.

The commissions on "receipts" and on "disbursements" are the compensation for the discharge by the guardian of the ordinary duties incident to the administration of the ward's estate. The guardian should not be allowed commissions on debts of the ward paid to a firm of which the guardian is a member, for purchases made after the relation of guardian and ward arose (*Burke v. Turner*, 85 N. C. 500), nor for collecting or receiving back the principal of the fund invested by him (*Matter of Kellogg*, 7 Paige [N. Y.] 165).

The special or extraordinary services of the guardian, for which, under the statute, allowance may be made "upon an itemized account verified by affidavit," do not comprehend the ordinary duties of a guardian.—*O'Neill v. Donnell*, 9 Ala. 734. In *Allen v. Martin*, 36 Ala. 330, it was held that under the statute a guardian is not entitled to any special compensation for his services in lending out the funds of his ward, and in compounding the interest accruing thereon; that being one of his ordinary duties. See, also, *Newberry's Adm'r v. Newberry's Dist.*, 28 Ala. 691. Under the English rule the services of the guardian were gratuitous.—Schouler, Domes, Rel. (4th Ed.) § 375; 9 Am. & Eng. Ency. Law (1st Ed.) p. 146. It does not appear that this rule as to the gratuitous services of trust officers was ever adopted in a single state of the American nation.

—Story, Eq. Jur. § 1268, and note; and § 1268a; Schouler's Ex'rs, part VII; 2 Wms. Ex'rs, 1682-1685. However, in *Gott v. Culp,* 45 Mich. 265, 274, 7 N. W. 767, 770, Mr. Justice Campbell states the modern doctrine, which is recognized by our statutes, as to compensation and fees to be allowed the guardian from the ward's estate, as follows: "By the old law a guardian could get no compensation whatever, but was merely protected in his legitimate expenditures. The modern doctrine, which is recognized by our statutes, regards him as entitled to such reasonable compensation as the circumstances warrant. Many elements may enter into this determination. The size and character of the estate, the amount and kind of services rendered, the duration of the trust, the duties in the given case as involving oversight of the person to a greater or less degree, may all have their weight. * * * If a guardian is a professional man and renders professional services, there is no absolute right to demand pay for them on the same footing as a stranger, and yet in some cases it might be entirely proper. If the estate is large, and if the guardian is appointed chiefly for business purposes, there is no special reason why he should not be paid as a business man. But on the other hand in small or moderate estates, or where the helplessness of the ward and need of nurture and protection may be important elements in the choice, such a rule might be ruinous. Courts can never properly lose sight of the fact that primarily the duties are to be regarded as personal and honorary. Such offices are not to be given or assumed with a view to profit. The compensation must be proportioned not so much to the market or usual value of such services as to the ability of the ward to bear them. A guardian when he has assumed the trust must be as faithful in a small estate as in a large one, without reference to the compensation. He should be paid fairly if the estate will allow it to be done without disproportion or injury. But if it will not, then he must be satisfied with a smaller reward."

We may add further, that if the guardian speculates with his ward's property, or employs it in his own business, he will not be allowed commissions on the funds so used, notwithstanding the venture proves successful and the ward derives the benefit. To allow him compensation for taking care of the fund while he himself is the borrower, would be to offer an induce-

[McGowan v. Milner.]

ment for him to become such borrower.—*Farwell v. Steen*, 46 Vt. 678; *Pierce v. Prescott*, 128 Mass. 140; *Seguin's Appeal,* 103 Pa. 139.

In *Burke v. Turner*, 85 N. C. 500, 505, Mr. Justice Ruffin said: "Should the guardian employ the fund in purposes of his own, seeking to make profit for himself (apart from any question of fraud that may arise) there is in such case no such labor performed, or skill exerted in behalf of the ward as needs to be compensated. For the same reason commissions should not have been allowed on the several store bills paid to the firm of J. M. & A. Turner—the guardian being a member of that firm and acting as well for himself as for his ward in the matter."

(7) The use of trust funds, or a loan to the firm of which the guardian was a member, was a devastavit for which the guardian must account, and he is not entitled to commissions thereon.

(8, 9) The bill of exceptions fails to inform us of the several items of "the entire cost in probate court in guardianship proceedings," for which the credit of $91.85 is allowed. In the absence of such information, we presume that this allowance was in accord with the statute. The account shows a previous payment, of $23.24 upon the initial cost of the guardianship. If subsequent costs were incurred, in the litigation of credit and debit items not embraced in his account, then, to the extent that the claims of the ward were successfully maintained the guardian would be taxed with such costs.—*Moody, Adm'r v. Hemphill*, 71 Ala. 169; *Smyley v. Reese*, 53 Ala. 89, 25 Am. Rep. 598; *Henderson v. Renfro*, 31 Ala. 101; *Jones v. Deyer*, 16 Ala. 221.

The decree of the probate court is reversed, and the cause is remanded, that a decree may be rendered in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.