(80 South. 392)

RUSSELL et al. v. McPHERSON et al.
(3 Div. 320.)

(Supreme Court of Alabama.  Nov. 28, 1918.)

1. EXECUTORS AND ADMINISTRATORS ⟋510(4)—REVIEWING DECREE OF PROBATE COURT—EXCEPTIONS.

The Supreme Court cannot review the correctness of a decree of the probate court on an accounting by executors as to the allowance of any credits, where no exceptions were taken or reserved.

2. EXECUTORS AND ADMINISTRATORS ⟋510(4)—MATTERS REVIEWABLE—EXCEPTIONS.

Exceptions to allowances to executors on final accounting cannot be considered, where they were not filed until the decree had passed from the control of the trial court.

3. EXECUTORS AND ADMINISTRATORS ⟋510(4)— MATTERS REVIEWABLE — ADMISSION OF EVIDENCE—EXCEPTIONS.

Although no proper exceptions were taken to a decree of the probate court on accounting of executor, the Supreme Court will review rejection and admission of evidence as to the allowance or disallowance of any item, and reverse to the extent it was thus infected with error.

4. WITNESSES ⟋159(2) — ADMISSION OF STATEMENT OF DECEASED PERSONS.

On final accounting by executors, the court erred in permitting the widow of testator, who was executrix of the will, to testify as to what the testator told her he wished to be done with his lands.

5. EXECUTORS AND ADMINISTRATORS ⟋510(8)—HARMLESS ERROR—EVIDENCE.

Error of the court on final accounting of the executors in permitting the widow of testator, who was executrix of the will, to testify as to what testator had said he wished done with his lands, was harmless, where the nature and character of the lands required that they be operated as they were operated.

Appeal from Probate Court, Lowndes County; J. C. Wood, Judge.

In the matter of the estate of W. P. Russell, deceased. From a decree on the final settlement of the executors, H. H. McPherson and others, an appeal is prosecuted by W. P. Russell, as administrator de bonis non with the will annexed, and others. Affirmed.

Rushton, Williams & Crenshaw, of Montgomery, and Joseph R. Bell, of Hayneville, for appellants.

Powell & Hamilton, of Greenville, Hill, Hill, Whiting & Thomas, of Montgomery, and R. L. Goldsmith, of Hayneville, for appellees.

PER CURIAM. The appeal is from a decree of the probate court on the final settlement of the executors of the last will of W. P. Russell. One of the executors H. H. McPherson resigned, and the settlement was

had with the administrator de bonis non with the will annexed, and the legatees, devisees, and other interested parties. The appeal is prosecuted by W. P. Russell, as administrator de bonis non with the will annexed, the legatees, devisees, etc.

The main insistences as to errors to reverse go to the allowance by the court of certain credits to the executors; one as for an attorney's fee of $1,000 paid for the prosecution of the alleged murder of the testator; and others unnecessary to here specify.

[1] We are unable to review the correctness of the decree as to the allowance of any one of these credits, or for the refusal to charge the executors with 'certain other items, because no exceptions were taken or reserved to the decree appealed from on this account, or on any other account.

No exceptions whatever were taken to the rulings or findings as to the decree appealed from, and, of course, no such questions were reserved for our consideration on this appeal. The record not only fails to affirmatively show that exceptions were reserved, but it affirmatively recites that none were so reserved. We quote the following from the bill of exceptions, so that there may be no mistake as to the recitals:

"No exceptions to said decree of the court entered as of date July 26, 1917, and to the rulings of the court on the contested items were reserved by the contestants on July 26, 1917, or at any time prior to October 22, 1917, but on October 22, 1917, the said W. P. Russell, as administrator de bonis non with the will annexed, W. P. Russell, individually, Mildred McKeithen and Miriam Russell, and the said guardian ad litem, separately, and severally filed exceptions which are in words and figures as follows."

[2] The paper thus filed in court for the first time could not answer as exceptions, unless by consent of all parties, and we do not hold that consent of all parties would have given validity to the exceptions; but it is certain the pretended exceptions had no validity in the absence of the consent of all parties.

When this paper was filed, the decree had passed from the control of the trial court, and it could not then, without the consent of all parties, be changed to conform to the exceptions. The object and purpose of exceptions is to give the trial court an opportunity to correct the error into which it has fallen, and the appellate court reviews the ruling of the court in refusing to correct the error, after a timely exception to such ruling. Otherwise parties might invoke or consent to erroneous rulings and decrees or judgments, and then appeal therefrom and reverse the trial court as for rulings invoked or consented to by appellant. The record affirmatively shows that appellants had ample opportunity to except to the rulings or allowances of which they now complain. The court an-

nounced the ruling and allowances promptly when the trial was concluded, and the mere fact that the decree was not then written up affords no excuse for the delay or failure to except for two months. The exceptions could have been made within time for the court to have considered them, and have allowed or disallowed them. It was too late after the lapse of weeks and weeks, after the judgment and decree had passed beyond the control of the trial court. It would certainly have been reversible error for the trial court to have changed, or attempted to change, the decree as requested by the exceptions at the time they were made, no matter whether properly or improperly allowed originally. . That is, the court then had no power to change or modify the judgment or decree theretofore rendered.

It has long been the rule of this court not to revise the rulings or decisions of trial courts upon facts or findings of facts, unless objection is made, and exceptions reserved at the time of the ruling or decision as to the finding, and this made to appear by bill of exceptions or otherwise. Smith v. King, 22 Ala. 558; Gordon v. McLeod, 20 Ala. 242. These cases are not in conflict with Gaillard v. Duke, 57 Ala. 619; Kirksey v. Kirksey, 41 Ala. 626; McDonald v. Jacobs, 85 Ala. 64, 4 South. 605. The expressions in those cases that, on appeal from probate courts, the cause should be considered "as a cause in equity," do not mean that such decrees will be reviewed by allowing items disallowed by the probate judge, or vice versa, when no objections were interposed to the decree below on that account. These cases only hold that rulings as to the admission and rejection of evidence will be reviewed on appeal, if objections are interposed and exceptions reserved, as in chancery cases, and error as to these rulings may reverse the judgment or decree in the probate court as in chancery cases. These errors, objections, and exceptions must, however, be shown by a bill of exceptions in probate cases, whereas they are shown in chancery cases without a bill of exceptions. These cases were all reviewed in the recent case of McGowan v. Milner, 195 Ala. 44, 70 South. 175.

In that case it was decided that a final decree in the probate court might be reviewed on appeal, if there were exceptions reserved to the degree alone, if the evidence as relating to the disputed questions, or items, was presented, without separate exceptions to the ruling on each item, because the cause will be then considered as an appeal from a court of equity. In that case the bill of exceptions did affirmatively show that exceptions were made and allowed to the decree when rendered. The point of that decision was that it did not require a separate objection or exception as to each item of debit or credit; and that, if the exception was general, then there

must be error as to each item, or else the judgment could not be corrected. The case was expressly distinguished from that line of cases as to the giving or refusing several charges, and an exception going to the whole, and not as to any particular charge. In McGowan v. Milner there was an exception made and allowed to the decree appealed from; here there was none, general or special to the decree.

The following is the law on the subject, and was quoted approvingly in that recent cause. It is, then said:

"These cases are rested on Long v. Easly, 13 Ala. 239, 246, where the court quoted approvingly from Clarke v. West, 5 Ala. 117, as follows: 'If an improper charge is made against the administrator, or if he is held to account for assets not connected with the administration, * * * the only mode by which he could revise the action of the court was to raise the question by exceptions, taken to the judgment of the court; and, if no exceptions were taken in the court below, this court could not examine the question raised here for the first time.'

"Clarke v. West, supra, was on the authority of Horn v. Grayson, 7 Port. 270, where the holding was that the record must show 'that an exception was taken to the decision of the court.'

"Where exception is taken to the decree of the court of probate and the evidence relating to the disputed question or item is presented by bill of exception, on proper assignment of error, this court will, as in chancery cases, review the correctness of the decree."

As exceptions could not be made or allowed two months after the rendition of the decree appealed from, it follows that there were no exceptions to the decree or any particular item thereof, and the paper filed for that purpose two months after the rendition of the decree must be stricken on motion of appellees.

[3] We can and will, however, review rulings of the trial court as to the admission and rejection of evidence, which may have induced the ruling of the court as to the allowance or disallowance of any item, allowed or disallowed, and, if any error then be found which was prejudicial to appellant, the decree will be reversed to the extent it was thus infected with error.

[4, 5] The trial court erred in permitting the widow of testator, who was executrix of the will, jointly with McPherson, to testify as to what the testator told her he wished to be done with his lands; that he wished McPherson to take charge of them and run them as the testator had run them, etc. The error, however, clearly appears to have been without any possible injury. The will undoubtedly gave this power to the executors, to continue to operate the plantations. While it is true there is no express clause or phrase directing the operation of the plantations, the will did expressly provide that the lands should be kept together, and not sold, divided, or disposed of. The nature and character of the lands required that they be operated as farms, to prevent loss and deterioration in value. To have declined to operate such lands as a farm would have been gross neglect on the part of the executors, or any other trustee charged with the duty of preserving them and using them for the benefit of the trust.

As the question and answer complained of were confined to the land, and did not extend to the personal property, or the operation of the store, it was without possible injury, because the answer was only an expression of a legal duty enjoined upon the executors. The other errors insisted upon go to the allowance or disallowance of certain items in the account, and as to which there was no exception made or allowed, either separately or generally, within the time and mode provided by law, and hence cannot be reviewed.

Finding no reversible error, the judgment of the lower court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, GARDNER, and THOMAS, JJ., concur.