(114 So. 692)
## BEAN v. BEAN et al.  (4 Div. 331.)

Supreme Court of Alabama.   Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

1. **Guardian and ward** ⬳175—**Sureties on bond given by parent as guardian of child are bound for performance of duties and accounting.**

It is unvarying rule that sureties on bond given by father as guardian of his minor son are fully bound for the faithful performance of duties of guardian and for a proper accounting.

2. **Guardian and ward** ⬳151—**Father acting as guardian of child forfeited commissions, where he made no partial settlement and used ward's funds as own.**

Father acting as guardian of his minor son *held* to have forfeited all right to commissions, where he made no partial settlement and used the funds of the ward as his own.

3. **Guardian and ward** ⬳54—**Father acting as guardian of child became liable for interest, where he made no partial settlement and used ward's funds as own.**

Father acting as guardian of his minor son *held* to have rendered himself liable for interest on ward's funds, where he made no partial settlement and used the funds of the ward as his own.

4. **Guardian and ward** ⬳157—**Father acting as guardian of child held, under evidence, not entitled to credit against corpus of child's estate, but entitled to credit for interest as equaling benefits received by child.**

Father acting as guardian of his minor son *held*, under evidence, not entitled to credit against corpus of son's estate, on ground that

he used funds to maintain and educate son, but entitled to credit for amount of interest chargeable against him, on ground that benefits received by son equaled amount of interest, where father used funds for benefit of entire family, providing home, improving house on farm, and bettering living conditions of family generally.

**5. Guardian and ward ☞161—Supreme Court may render judgment on appeal in contest of guardian's final settlement, where evidence was before it without substantial dispute.**

Supreme Court is not bound to remand contest on settlement of final accounts of father acting as guardian of his minor son because probate court was in error, but may render judgment, where evidence is before it and without substantial dispute.

Appeal from Probate Court, Coffee County; J. A. Carnley, Judge.

Contest by Oliver C. Bean of accounts on final settlement of P. W. Bean, guardian of said Oliver C. Bean, with intervention by K. W. Harrison and others as sureties on the guardian's bond. From the decree on the final settlement, contestant appeals. Reversed and rendered.

Wilkerson & Brunson, of Elba, for appellant.

If there is error in the decree appealed from, it will be corrected as in equity cases. McGowan v. Milner, 195 Ala. 44, 70 So. 175. Expenditures for the maintenance and education of the minor cannot be allowed for the purpose of maintaining and educating him in the same station of life with his father, unless it is proven the father is unable to do so, and then such expenditure is limited to the interest upon the estate. Expenditures out of the funds of the minor for the purpose of giving him a better education, environment, and fitness for the future than the father could otherwise furnish cannot be allowed except on proof that the ward is not brought up in the same environment, etc., as he would have had without his inheritance, and cannot be justified where the father used the money of the ward in supporting his own family, the minor sharing along with other children. Bean v. Harrison, 213 Ala. 33, 104 So. 244; Stewart v. Lewis, 16 Ala. 734; Watts v. Steele, 19 Ala. 656, 54 Am. Dec. 207. Alston v. Alston, 34 Ala. 15; Beasley v. Watson, 41 Ala. 234; Baines v. Barnes, 64 Ala. 375; Engleghardt v. Yung, 76 Ala. 534; Willis v. Rice, 157 Ala. 252, 48 So. 397, 131 Am. St. Rep. 55; 57 L. R. A. 730; 29 Cyc. 1616, 1618; 12 R. C. L. 1159.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellees.

If the father is unable properly to support the ward, his child, he may expend the corpus of the estate. Beasley v. Watson, 41 Ala.

234; Calhoun v. Calhoun, 41 Ala. 369; Bean v. Harrison, 213 Ala. 33, 104 So. 244.

GARDNER, J. On final settlement of P. W. Bean, as guardian of his minor son, Oliver C. Bean, the probate court rendered a decree in favor of the ward against said guardian in the sum of $178.30, which the ward insists is insufficient and prosecutes this appeal for a review thereof. A general outline of the case is found in the opinion rendered on former appeal (Bean v. Harrison, 213 Ala. 33, 104 So. 244), and no detailed statement is here considered necessary. With the rules of law therein announced as of controlling importance in this litigation, counsel do not take issue, and it only remains to apply these rules to the evidence as here presented.

[1] It is very clear that the guardian, father of the ward, has a friendly interest in the ward's suit, and the real adverse litigation is conducted by the sureties of the guardian who intervened and for whom alone counsel for appellee appear and brief the cause. But this fact is without influence upon the principle of law here involved, only serving, however, to stimulate the court to a more careful scrutiny of the testimony, for the unvarying rule of law remains that for the faithful performance of the duties of the guardian and a proper accounting the sureties are fully bound.

[2, 3] The evidence on the present appeal, as on the former, discloses that there has been no partial settlement and that the guardian used the funds of the ward as his own. He has forfeited all right to commissions, and rendered himself liable for interest on the funds so used. Bean v. Harrison, supra.

[4] Upon the former appeal this court recognized the rule established by our previous decisions (Beasley v. Watson, 41 Ala. 234; Baines v. Barnes, 64 Ala. 375; Calhoun v. Calhoun, 41 Ala. 369) that:

"If the father is unable to maintain and educate the child according to his station in life, then the court will appropriate such portion of the minor's estate as may be proper for the purpose, or, for like reason, allow the father credit as guardian for the ward's funds so used."

Counsel for appellee seek to invoke this principle in the instant case, but the evidence is insufficient for its application here. When the first installment of $596 belonging to the ward came into the hands of the guardian, he was supporting his family on a small farm in Coffee county, and appears to have accumulated sufficient funds to purchase a house in Enterprise, which he rented for $8 per month. The guardian used a large portion of this sum to complete the payment on this property and made an ex-

change for a farm in Covington county. The ward was then quite young, and the matter of his education was no financial burden upon the guardian. Indeed, it does not appear that any money was expended by way of education, the ward attending the public schools all the while. But we enter into no discussion of the evidence. Suffice it to say the testimony has been carefully considered by the court in consultation, and we conclude upon this record, as upon the former appeal, a case is not presented warranting any entrenchment upon the corpus of the estate.

Upon consideration of the question of giving credit to the guardian for the income or interest charge of the ward, this court on former appeal said:

"One feature of the evidence in this case tends to show that Oliver's money went into a home, of which he had a common enjoyment with the other members of the family. If title had been taken as it should have been to preserve his estate so invested, it would have been a proper credit. But as title was not so taken, the inquiry comes, Could the father have furnished him the same home, schooling, and general maintenance, without the aid of this investment? If not, the added good coming to Oliver by living in a home so acquired may be considered in stating the account. Any credit on this line must be limited to the income or interest charge to be made, and it must be further limited to such benefits as accrued to Oliver, not to the entire family."

It appears without dispute that the guardian used the funds of the ward for the benefit of the entire family, providing a home, improving the house on the farm, and in bettering the living conditions of the family generally. The ward received the benefits of such investment along with the other members of the family, and in accordance with our former opinion the "added good" thus derived by the ward may be considered in stating the account in connection with these interest charges. It is difficult of an accurate estimate. The entire estate of the ward was only $774.30, consisting of $596 received in 1910, and $178.30 in 1918, and the interest thereon would have produced only a small income. Upon this sum, as we understand the testimony, there is an admitted credit of $44 court costs and attorney's fee. Upon due consideration of the whole evidence, we are persuaded the enhanced benefits derived by the ward from these investments equal the income or interest charge on the account, and that, therefore, the guardian should be credited therewith. Thus crediting the account, the guardian is due the ward the full amount of the principal sum of $774.30, less the credit of $44 above mentioned.

It therefore results that, in our opinion, the decree of the probate court is in error.

[5] The evidence being before this court and without substantial dispute, no occasion arises for a remandment of the cause, but the same should be here finally disposed of as in equity cases. McGowan v. Milner, 195 Ala. 44, 70 So. 175.

The decree is reversed and one here rendered in favor of the ward in the sum of $730.30, representing the principal sum of $774.30, less a credit of $44. Let appellees pay the costs in this court and in the court below.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.