189 So. 770

### BIVIN v. MILLSAP.

#### 1 Div. 68.

Supreme Court of Alabama.

June 8, 1939.

Barnett, Bugg & Lee, of Monroeville, and Hamilton & Jones, of Evergreen, for appellant.

C. L. Hybart, of Monroeville, for appellee.

ANDERSON, Chief Justice.

■ The probate court, within less than forty days after the death of Tom Bivin, appointed the appellee, E. T. Millsap, administrator of the estate of said Tom Bivin, deceased. The petition for the appointment was made by Willie Bivin, claiming to be the widow of the decedent as well as his next of kin. The right to appointment can not be delegated to another to the exclusion of the person upon whom the statute next casts the right, Curtis v. Williams, 33 Ala. 570, but the petition to appoint Millsap can operate as a waiver of the claims of those making same of a prior right, if one they had. Childs v. Davis, 172 Ala. 266, 55 So. 540. While the appointment of Millsap was voidable, having been prematurely made, he being only of the fourth class mentioned in the statute, it was not void but subject to be revoked upon the application of those having a previous right. Curtis v. Williams, supra.

■ The petition in question to revoke the appointment of Millsap was made by one Mary Bivin claiming to be the lawful widow of the decedent, and, if she was, she was entitled to have the appointment of Millsap revoked, but not necessarily the right to delegate her right to Ratcliffe.

The statute, § 5742 of the Code of 1923, provides for the order in which administrators should be appointed and the widow is preferred in the first class, so the real question in this case was whether Willie or Mary was the lawful widow of the decedent and which said issue was submitted to the trial court who denied the petition and from said decree this appeal is prosecuted.

In order to review said decree, it must appear that the appellant excepted to same which fact does not appear. Taylor v. McElrath, 35 Ala. 330; Smith's Distributees v. King, 22 Ala. 558; Williams v. Gunter, 28 Ala. 681; Gordon v. McLeod, 20 Ala. 242; Russell v. McPherson, 202 Ala. 310, 311, 80 So. 392.

■ The appellee's counsel rely on section 9459 of the Code of 1923, as dispensing with the necessity to except to the ruling of the probate court in denying the petition, and the case of Wimbush v. State, Ala.Sup., 186 So. 145.[1] Section 9459 deals with motions in the "circuit court or any court of like jurisdiction," and does not relate to the probate court, nor does section 9502 or the Wimbush case, supra.

The decree of the probate court must be and is affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

---

[1] 237 Ala. 153.